**Michael VENCL, Plaintiff–
Appellant/Cross–
Appellee,**

v.

**INTERNATIONAL UNION OF OPERAT-
ING ENGINEERS, LOCAL 18, Defen-
dant–Appellee/Cross–Appellant.**

Nos. 96–3567, 96–3614.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1997.

Decided Feb. 25, 1998.

Rehearing and Suggestion for Rehearing
En Banc Denied April 9, 1998.

422

James W. Tekavec (argued and briefed), Cleveland, OH, for Michael Vencl.

William Fadel (argued and briefed), Kathleen M. Sasala (briefed), Wuliger, Fadel & Beyer, Cleveland, OH, for International Union of Operating Engineers, Local 18.

Before: SILER, BATCHELDER, and GIBSON,* Circuit Judges.

## OPINION

SILER, Circuit Judge.

The plaintiff, Michael Vencl, filed a hybrid § 301 breach of contract / fair representation suit against his former employer, American High Reach, Inc. and its successor, Brambles Equipment Services, Inc. (collectively, "AHR"), and his union, the International Union of Operating Engineers, Local 18 ("Local 18"). In two prejudgment rulings, the district court granted Vencl partial summary judgment against Local 18 and ruled that he could recover attorneys' fees from it. After Vencl settled with AHR, the district court dismissed his suit against Local 18 for lack of subject matter jurisdiction. Vencl appeals the dismissal, and Local 18 cross-appeals both prejudgment rulings. We REVERSE the district court's dismissal for lack of jurisdiction and AFFIRM both prejudgment rulings.

## I. Background

In 1993, AHR fired Vencl after a large piece of equipment rolled over his foot. Vencl filed a grievance with Local 18 pursuant to Local 18's collective bargaining agreement with AHR. AHR denied the grievance, and Local 18 orally informed AHR that it would seek to arbitrate. Under the terms of the collective bargaining agreement, however, oral notice was insufficient. To preserve the right to arbitrate, Local 18 had to re-

quest arbitration "in writing within three (3) working days" of AHR's denial. Local 18 missed the deadline. It formally requested arbitration one day late, because its business representative had gone on vacation. The arbitrator denied Vencl's grievance solely because Local 18 filed its request too late.

Soon thereafter, Vencl filed a hybrid § 301 breach of contract / fair representation suit against AHR and Local 18. Vencl claimed that AHR wrongfully discharged him and that Local 18 breached its duty to represent him fairly. In two prejudgment rulings, the district court ruled in favor of Vencl over Local 18. The court granted Vencl partial summary judgment on the breach of duty issue, and later held that Vencl could recover attorneys' fees from Local 18. Vencl eventually settled his claim against AHR for $20,000. The agreement purported to settle all of Vencl's claims for compensatory damages due to AHR's conduct, but also acknowledged that AHR continued to deny any wrongdoing and that Vencl was not a "prevailing party." Vencl then voluntarily dismissed his claims against AHR.

After settling with AHR, Vencl filed an amended complaint solely against Local 18. Although AHR was no longer a party, Vencl's complaint continued to allege that AHR improperly fired him "in violation of a collective bargaining agreement." Vencl sought legal fees and other damages for Local 18's representation breach. The amended complaint offered three grounds for jurisdiction, § 301 of the Labor Management Relations Act (codified as 29 U.S.C. § 185(a)), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.

Pursuant to FED. R. CIV. P. 12(h)(3), the district court granted Local 18's motion to dismiss for lack of jurisdiction. The court noted that a hybrid § 301 suit includes two elements: (1) that the employer breached a collective bargaining agreement, and (2) that the union breached its duty of fair representation. It held that Vencl could not establish the first element because he had dismissed

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

424

AHR as a party. It also noted that a § 1337 suit involves a claim solely against the union, exclusive of any claim that the employer breached a collective bargaining agreement. The court held that no jurisdiction could lie under § 1337 because Vencl alleged that AHR violated the collective bargaining agreement. Vencl appeals this dismissal, and Local 18 cross-appeals the preliminary rulings.[1]

## II. Standards of Review

We review Rule 12 motions and summary judgment motions *de novo*. *Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir.1997). With respect to summary judgment motions, we view the evidence in the light most favorable to the party opposing summary judgment. *Tinker v. Sears, Roebuck & Co.*, 127 F.3d 519, 521 (6th Cir.1997). We affirm summary judgment only if the submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## III. Jurisdiction

A hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer. *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 561 (6th Cir.1990). Under § 301, jurisdiction exists when a union member alleges a breach of a collective bargaining agreement:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). To recover against a union under § 301, the union member must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation. *White*, 899 F.2d at 559. These are "the two constituent claims in every hybrid 301 action." *Id.* If the union member fails to prove that the union breached its duty, he will, obviously, recover nothing from the union. If the union member fails to prove that the employer breached the collective bargaining agreement, he also will recover nothing, because the union member's grievance would have failed regardless of the union's representation.

Section 1337, on the other hand, confers jurisdiction over cases involving the independent relationship between the union member and his union, without regard to a collective bargaining agreement. *See, e.g., Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 83, 110 S.Ct. 424, 434, 107 L.Ed.2d 388 (1989). Under § 1337, jurisdiction exists where a cause of action arises under a congressional act regulating commerce:

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies ....

28 U.S.C. § 1337(a). Section 1337 provides jurisdiction for fair representation suits because the duty of fair representation derives from the National Labor Relations Act ("NLRA"), and the NLRA is an "Act of Congress regulating commerce." *Breininger*, 493 U.S. at 83, 110 S.Ct. at 434 (citations omitted). In this context, the "fair representation claim is a separate cause of action from any possible suit against the employer." *See id.* at 84, 110 S.Ct. at 435. In *Breininger*, for example, the employee alleged that the union represented him unfairly by refusing to refer him to potential employers. The union's breach did not implicate a collective bargaining agreement. *See id.* at 71–72, 110 S.Ct. at 427–29. *See also Storey v. Local 327, Int'l Brotherhood of Teamsters*, 759 F.2d 517, 523 (6th Cir.1985) (holding that § 1337 provides the jurisdictional basis for fair representation suits where no collective bargaining agreement exists).

Therefore, § 301 and § 1337 provide different jurisdictional bases depending

1. The district court never addressed whether jurisdiction could lie under § 1331, and Vencl does not offer § 1331 as a jurisdictional basis on appeal.

on whether the controversy involves a breach of the collective bargaining agreement in addition to a breach of the duty of fair representation. Where the union member produces a "colorable allegation" that the employer breached a collective bargaining agreement, however, jurisdiction lies under § 301, not § 1337. *See White*, 899 F.2d at 561. In *White*, the employee was fired over a major accident. The employee lost his grievance because an arbitrator found that the collective bargaining agreement clearly allowed discharge over major accidents. The employee subsequently claimed that the union had breached its duty of fair representation, and claimed both § 301 and § 1337 as jurisdictional bases. The court rejected § 301 as a basis because, given the clarity of the collective bargaining agreement, the employee could not prove that the employer had breached it. *Id.* at 560–61. The court also rejected § 1337 as a basis because the cause of action was "a quintessential hybrid 301 claim," in that it necessarily implicated the collective bargaining agreement. *Id.* at 561–62. The employee had alleged both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement by firing him. The court stressed that "[i]f the essential nature of [the employee's] complaint were overlooked, then future plaintiffs would be encouraged to adopt [his] approach and circumvent the [ ] rule simply by artfully pleading 28 U.S.C. § 1337 as a jurisdictional basis." *Id.* at 562. *Cf. Pratt v. United Auto., Aerospace and Agric. Implement Workers, Local 1435*, 939 F.2d 385, 389–90 (6th Cir.1991) (explaining rule, and holding § 1337 confers jurisdiction where employee never alleged that employer breached the collective bargaining agreement).

■ Here, the district court correctly held that no jurisdiction lies under § 1337. Vencl's suit is a quintessential hybrid § 301 claim. Paralleling *White*, Vencl alleges facts to support an inference that AHR violated the collective bargaining agreement by firing him over an accident. Indeed, Vencl based his claim on § 301 before settling with AHR, his amended complaint continues to allege that AHR breached the collective bargaining

agreement, and he initially filed a grievance under that agreement.

■ The district court, however, should have exercised jurisdiction under § 301. Unlike the situation in *White*, the arbitrator in this case never reached the merits of Vencl's grievance. He dismissed the grievance solely because Local 18 requested arbitration too late. Therefore, Vencl could have presented facts to establish that AHR breached the collective bargaining agreement, thereby satisfying the first element necessary for jurisdiction under § 301.

■ Moreover, and contrary to the district court's holding, Vencl could establish that AHR breached the collective bargaining agreement despite settling with AHR and dismissing it as a party. In a hybrid § 301 suit, an "employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983). While the settlement would render any suit by Vencl against AHR moot because Vencl could recover no damages from AHR, nothing precludes Vencl from proving that AHR breached the collective bargaining agreement in a suit against other defendants. The settlement states only that AHR denies wrongdoing, not that Vencl somehow waives the right to prove that AHR engaged in wrongdoing.

■ Local 18 argues that AHR's dismissal presents numerous practical problems, in that Vencl and Local 18 will have to litigate AHR's alleged breach without AHR as a party. Nonetheless, these practical problems do not deprive a federal court of subject matter jurisdiction. AHR's absence will not materially prejudice Local 18. *See Czosek v. O'Mara*, 397 U.S. 25, 29, 90 S.Ct. 770, 773, 25 L.Ed.2d 21 (1970) (in case involving the Railway Labor Act, allowing suit solely against union partially because the "union defendants will not be materially prejudiced by the possible absence of the [employer] as a codefendant at trial"). Moreover, in several cases, courts have continued to adjudicate

hybrid § 301 cases after dismissing the employer as a party. *See Beyene v. Coleman Sec. Serv., Inc.,* 854 F.2d 1179, 1180–81 (9th Cir.1988) (where employee settled with employer, court continued to adjudicate § 301 case against union alone); *Self v. Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 61,* 620 F.2d 439, 444 (4th Cir.1980) (after granting employer summary judgment, adjudicating § 301 case against union alone). Because jurisdiction lay under § 301, we reverse this portion of the district court's decision.[2]

## IV. Partial Summary Judgment

■ The NLRA imposes a duty of fair representation upon unions. *Storey v. Local 327, Int'l Brotherhood of Teamsters,* 759 F.2d 517, 518 (6th Cir.1985). A union breaches that duty by acting arbitrarily. *Ruzicka v. General Motors Corp.,* 649 F.2d 1207, 1209 (6th Cir.1981) ("*Ruzicka II*"). A union acts arbitrarily by failing to take a basic and required step. *Id.* at 1211. Timely filing is both basic and required. In *Ruzicka II,* the union failed to file a timely grievance. The court noted that "absent justification or excuse, a union's negligent failure to take a basic and required step, unrelated to the merits of the grievance, is a clear example of arbitrary and perfunctory conduct which amounts to unfair representation." *Id.* (citation omitted). As an example of a viable excuse, the court held that the union's untimely filing could be excused if a prior course of dealing reasonably indicated that the employer would accept a late filing. *Id.*

■ Here, Local 18 requested arbitration one day late, and the arbitrator denied Vencl's grievance solely because of untimely filing. By way of excuse, Local 18 claims that it filed late only because its business representative had gone on vacation. This is not a reasonable excuse. *Ruzicka II* excuses only reasoned conduct, not irresponsible inattention. Next, Local 18 claims that it acted in good faith. *Ruzicka II,* however, specifically held that unions can unfairly represent members even when they act without bad faith. *Id.* at 1209. We affirm partial summary judgment in Vencl's favor.[3]

## V. Attorneys' Fees

■ In a hybrid § 301 suit, the employer and the union are liable "according to the damage caused by the fault of each." *Vaca v. Sipes,* 386 U.S. 171, 197, 87 S.Ct. 903, 920, 17 L.Ed.2d 842 (1967). When a union breaches its duty of fair representation, a member can recover expenses, including attorneys' fees and costs, incurred in pursuing his claims against the employer. *Scott v. Local Union 377, Int'l Brotherhood of Teamsters,* 548 F.2d 1244, 1246 (6th Cir.1977); *Self v. Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 61,* 620 F.2d 439, 444 (4th Cir.1980). These expenses are the damages flowing from the union's breach; if the union had fulfilled its duty, the member would not have had to spend his own resources. Therefore, these damages do not violate the traditional American rule regarding attorneys' fees. *Scott,* 548 F.2d at 1246. The American rule only prevents the union member from recovering resources spent in pursuing his claims against the union. *See id.*

■ Here, the district court correctly ruled that Vencl may recover expenses incurred in pursuing his claims against AHR. Vencl incurred those costs because Local 18 breached its duty. Moreover, Vencl may recover these costs despite settling with AHR. Local 18, not AHR, caused Vencl to

---

**2.** Apparently, some dispute exists over whether employers are indispensable parties within the meaning of FED. R. CIV. P. 19. *Compare Kaiser v. Local No. 83,* 577 F.2d 642, 644 (9th Cir.1978) (employer is not an indispensable party in a hybrid § 301 suit) *with Kress v. Local No. 776, Int'l Brotherhood of Teamsters,* 42 F.R.D. 643, 647 (M.D.Pa.1967) (employer is an indispensable party). We need not decide this issue because the parties did not argue it, although most cases agree with *Kaiser. See Terry v. Chauffeurs, Teamsters and Helpers, Local 391,* 81 B.R. 394, 397

(M.D.N.C.1987) (noting that "employers and unions are generally not considered indispensable parties").

**3.** Local 18 also argues that the district court improperly granted Vencl's motion for partial summary judgment orally, without sufficient time for briefing. Because the district court considered Local 18's motion for reconsideration, Local 18 suffered no prejudice from the oral order.

bear the expense of pursuing his claims against AHR; therefore, the settlement would not include those costs. Local 18 must pay for its own breach.

Therefore, we AFFIRM the partial summary judgment entered on behalf of Vencl against Local 18 and the award of attorneys' fees, but we REVERSE the dismissal for lack of jurisdiction and REMAND for further proceedings consistent with this decision.