**William I. ROEDER, Plaintiff–Appellant,**

v.

**AMERICAN POSTAL WORKERS UNION, AFL–CIO; United States Postal Service, Defendants–Appellees.**

**No. 97–6389.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 26, 1998.

Decided and Filed June 17, 1999.

---

Arthur R. Samuel (argued and briefed), Broadus & Samuel, Louisville, KY, for Appellant.

Janet E. Smith (argued and briefed), U.S. Postal Service, Washington, DC, Susan L. Catler (argued and briefed), O'Donnell, Schwartz & Anderson, Washington, DC, James H. Barr (briefed), Office of the U.S. Attorney, Louisville, KY, for Appellees.

Before: JONES and COLE, Circuit Judges; O'MALLEY, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

This is a hybrid § 301/duty of fair representation action arising under the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). *See generally Vencl v. International Union of Operating Eng'rs, Local 18,* 137 F.3d 420, 424 (6th Cir.) *cert. denied,* —— U.S. ——, 119 S.Ct. 168, 142 L.Ed.2d 138 (1998); *Linton v. United Parcel Serv.,* 15 F.3d 1365, 1369 (6th Cir.1994). Plaintiff–Appellant, William Roeder, named two defendants in the district court below: his employer, the United States Postal Service ("Postal Service"); and his union, the American Postal Workers Union, AFL–CIO ("Union"). At issue in this appeal is the Postal Service's decision to terminate Roeder early in his employment, during his 90–day probation period. The district court found that, by terminating Roeder for just cause within that period, the Postal Service did not breach its collective bargaining agreement ("CBA") with the Union. The court also found that the Union, in turn, did not breach its duty of fair representation owed to Roeder when it unsuccessfully litigated, before an arbitrator, Roeder's grievance challenging his termination. Roeder now appeals the summary judgment decision against him. For the reasons that follow, we affirm.

**I.**

The Postal Service hired Roeder as a "distribution clerk/multi-position letter

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

sorting machine trainee" on November 26, 1994. At the time of his hiring, Roeder was notified that he would have to satisfy a proficiency requirement in order to keep his job, *i.e.*, a test to gauge the accuracy of his letter sorting ability. To that end, Roeder signed a Postal Service "Statement of Understanding" clarifying the parties' mutual understanding that he would be terminated if he failed to satisfy the proficiency requirement—98% accuracy in letter sorting.[1] Despite weeks of practice, Roeder did not satisfy the proficiency requirement. On March 1, 1995, he was therefore notified that: (1) pursuant to the CBA, he would be given additional opportunities to satisfy the requirement; (2) if he did not then satisfy the requirement, he would be terminated on April 3, 1995; and (3) were he to be terminated, he could file a grievance and proceed through the grievance process referenced in the CBA—a process which ultimately leads to arbitration of the grievance.

Roeder's proficiency did not improve, and he was terminated on April 3, 1995.[2] Thereafter, he challenged his termination by filing a grievance. Article 15, § 2 of the CBA requires that such grievances must first be processed via a "Step 1 meeting" between the Postal Service employee and his/her immediate supervisor. For reasons that remain unclear, Roeder elected to skip this mandatory step of the grievance process—a step which occurs prior to the time the Union is required to intervene on the employee's behalf.[3] When asked to intervene in subsequent steps of the grievance process, however, the Union zealously did so. For example, the Union argued before the arbitrator that Roeder had sufficiently complied with Step 1, by discussing his termination with a Postal Service manager (admittedly not his immediate supervisor).

 The arbitrator found fault with that argument. When Roeder's grievance finally reached arbitration in February 1996, the arbitrator determined that she lacked authority to rule on the merits of the grievance, because the Step 1 meeting was skipped by Roeder. In her view, Roeder's decision to skip Step 1 meant that his grievance was non-arbitrable. Accordingly, Roeder's termination was found not subject to review. Thereafter, Roeder exhausted his administrative remedies, which were unavailing. He then filed a district court complaint against the Postal Service and the Union. Following discovery, summary judgment was entered in favor of both defendants on the grounds that: (1) Roeder's failure to satisfy the Postal Service's proficiency requirement meant that he was terminated on "just cause" grounds; (2) it was Roeder's fault that the Step 1 meeting did not occur, not the fault of the Union; and (3) once asked for assistance, the Union fairly represented Roeder

---

1. The reasonableness of the proficiency requirement is not before us. Nonetheless, we note in passing that, although the 98% figure may seem excessive at first glance, that figure allows for two percent of the mail to be incorrectly sorted and thus likely misdelivered. Viewed in that light, the 98% requirement appears reasonable.

2. Contrary to Roeder's suggestion that the Postal Service harmed him by terminating his employment and thus breaching the CBA, the record reveals that the Postal Service attempted to help Roeder, by affording him no fewer than twenty-eight opportunities to pass the proficiency test. Moreover, within nine months of his termination, the Postal Service rehired Roeder, albeit as a custodian, a lesser paying position.

3. Article 15, § 2 provides in relevant part:

> **Step 1:**
> (a) Any employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor within fourteen (14) days of the date on which the employee ... first learned or may reasonably have been expected to learn of its cause. The employee, if he or she desires, may be accompanied and represented by the employee's steward or a Union representative....

J.A. at 22. No summary judgment evidence before the district court suggested that Roeder asked either his steward, or other Union representative, for Step 1 representation.

in the grievance process.[4] This timely appeal followed.

## II.

We review summary judgment decisions *de novo* using the same Rule 56 standard applied by the district court. *Barrett v. Harrington,* 130 F.3d 246, 251 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998). A motion for summary judgment should be granted if the evidence submitted to the district court demonstrates that there is no genuine issue as to any material fact, and the movants (in this case, the Postal Service and Union) are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party (*i.e.,* Roeder). *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The court's function is not to weigh the evidence and determine the truth of the matters asserted, "but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## III.

To prevail on his hybrid § 301/fair representation claim, Roeder must satisfy a two-prong test. First, Roeder must prove that, by terminating him on less than "just cause" grounds, the Postal Service breached the terms of its CBA with the Union. Second, Roeder must show that in representing him during the grievance process leading to arbitration, the Union breached its duty of fair representation owed to him. *Linton,* 15 F.3d at 1369; *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 163–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Liability cannot attach to the Postal Service or the Union unless both prongs of this test are satisfied. *DelCostello,* 462 U.S. at 165, 103 S.Ct. 2281; *Vencl,* 137 F.3d at 424.

To determine if the CBA was breached, we look to the plain meaning of the agreement. *Policy v. Powell Pressed Steel Co.,* 770 F.2d 609, 618 (6th Cir.1985). To determine if the Union breached its duty of fair representation, we ask whether the Union's conduct in representing Roeder was arbitrary, discriminatory, or in bad faith. *Linton,* 15 F.3d at 1369 (citing *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)); *Dushaw v. Roadway Express, Inc.,* 66 F.3d 129, 132 (6th Cir.1995). Mere negligence on the part of a union does not satisfy this requirement. *United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 372–73, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990); *Ruzicka v. General Motors Corp.,* 649 F.2d 1207, 1212 (6th Cir.1981). For liability to attach, a union's conduct must be "so far outside a wide range of reasonableness as to be irrational." *Linton,* 15 F.3d at 1369 (quoting *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991)). Accordingly, a union's failure "to exhaust every possible remedy requested by a member facing disciplinary action"

---

4. On summary judgment, Roeder argued for the first time that the conduct of the Postal Service and Union constituted a violation of his right to due process, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Neither claim was pled in Roeder's complaint, however. Those unpled claims, therefore, are not before us on appeal. The scope of our review is limited to the claims properly before, and considered by, the district court. *See United States v. Markwood,* 48 F.3d 969, 974 (6th Cir.1995).

does not subject the union to liability. *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 585 (6th Cir.1994).

### IV.

As the district court correctly concluded, the fault for skipping the Step 1 meeting falls squarely with Roeder. *See Woosley v. Avco Corp.,* 944 F.2d 313, 319 (6th Cir.1991) ("It is a well established principle that where a collective bargaining agreement determines a grievance and arbitration procedure, [a]n employee must exhaust the contractual procedures and remedies ... [unless] any effort to exhaust the remedies would be futile"). Nothing in the summary judgment record suggests that the Step 1 meeting would have been futile. Nor does the record suggest that Roeder was unaware of the Step 1 requirement, or that he sought Union representation at Step 1 and was refused.[5] In fact, the record reveals that, once it was contacted by Roeder, the Union attempted in good faith to represent him, by arguing in the alternative that: (1) the Step 1 requirement was confusing and unclear; and (2) if the Step 1 requirement was nonetheless mandatory and binding upon Roeder, the contact Roeder had with one or more Postal Service managers following his termination—managers other than his immediate supervisor—should be held to constitute a Step 1 meeting. Such zealous advocacy—by the Union, and on Roeder's behalf—caused the arbitrator to characterize the Union's representation as "vehement." *See* J.A. at 11.

Our *de novo* review of the record supports that conclusion. That review also leads us to agree with the district court that the Union evidenced no negligence towards Roeder. Certainly, there was nothing before the district court on summary judgment to suggest that, in representing Roeder, the Union acted in a manner which could be classified as arbitrary, discriminatory, irrational, or in bad faith. Accordingly, the district court correctly found that the Union did not breach its duty of fair representation owed to Roeder. Roeder's failure to satisfy this prong of the *Linton/DelCostello* test thus means that his hybrid § 301/fair representation claim must fail.

Roeder's claim against the Postal Service also fails, and serves as an independent grounds upon which to affirm the district court. Article 16, § 1 of the CBA provides that just cause for termination exists once a Postal Service employee evidences "incompetence" or the "failure to perform work as requested." J.A. at 24. Roeder's repeated unsuccessful efforts to pass his proficiency exam, within the time frame reasonably established by the CBA, provided the Postal Service with the required just cause to terminate his employment during the probationary period. Accordingly, Roeder's termination does not constitute a breach of the CBA.

### V.

The district court's ruling—granting summary judgment in favor of the Postal Service and the Union, and against Roeder—is therefore **AFFIRMED**.

---

5. Accordingly, we are not presented with the case in which a union, having been asked to assist one of its members with a grievance, declines representation. Depending upon the circumstances, such conduct might well constitute arbitrariness or bad faith on the part of the union. *See Poole v. Budd Co.,* 706 F.2d 181, 184 (6th Cir.1983) (and cases cited therein).