**Derrick ARMSTRONG, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE; National Association of Mail Handlers Local 307, Defendants–Appellees.**

No. 99–1819.

United States Court of Appeals, Sixth Circuit.

March 6, 2001.

Before RYAN and NORRIS, Circuit Judges; and EDGAR, Chief District Judge.*

RYAN, Circuit Judge.

The plaintiff, Derrick Armstrong, appeals as of right from the district court decision that granted summary judgment for the defendant, United States Postal Service, on Armstrong's claim pursuant to section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b). Armstrong argued that the Postal Service violated the collective bargaining agreement by discharging him wrongly. Armstrong also claimed that his union, Mailhandlers Local 307, breached its duty of fair representation by the manner in which it handled the plaintiff's grievance arbitration; however, that matter is not before us. We affirm the district court's judgment.

## I.

Armstrong was an employee of the Postal Service and had been absent from work for extended periods of time due to an alleged disability. He was given warnings

---

* The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

for taking unscheduled leave and was required to produce medical documentation to substantiate his claimed disabilities. In due course, the Postal Service terminated Armstrong's employment and claims that it sent him a notice of termination on May 28, 1996. Armstrong claims he never received the notice and, as a result, did not timely initiate the grievance process challenging his termination.

After Armstrong's termination, union Local 307 filed a grievance and LeRoy Deramus, the Local's chief steward, represented Armstrong at the grievance arbitration hearing. In preparation for the hearing, Deramus met with other union officials and with Armstrong. Deramus later testified that because he was concerned about Armstrong's credibility, he decided that Armstrong should not testify at the arbitration hearing.

At the hearing, arbitrator George T. Roumell determined that the termination notice had been mailed because there was testimony that letters had been sent by certified mail and by regular mail, and the regularly mailed copy was not returned, undelivered, to the Postal Service. Thus, arbitrator Roumell determined that Armstrong was no longer a Postal Service employee and therefore the arbitrator lacked jurisdiction to hear the grievance.

■■■ Armstrong filed suit in federal district court against the Postal Service, pursuant to section 1208(b) of the Postal Reorganization Act, alleging that the Service violated the CBA by discharging him. 39 U.S.C. § 1208(b). In addition, Armstrong claimed that the Local breached its duty of fair representation by the manner in which it handled his grievance arbitration. The Sixth Circuit and its sister circuits "have uniformly held that 39 U.S.C. § 1208(b) is an analogue of Section 301(a) of the Labor Management Relations Act of 1957 and have consistently applied § 301

law to suits brought pursuant to 39 U.S.C. § 1208(b)." *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F.2d 250, 255 (6th Cir.1983) (footnote omitted). In a hybrid § 301 action, a complainant must show: (1) that the employer breached the terms of the collective bargaining agreement; and (2) that the union breached its duty of fair representation while representing the complainant during the grievance process leading to arbitration. *Roeder v. American Postal Workers Union, AFL–CIO,* 180 F.3d 733, 737 (6th Cir.1999). To prevail, the complainant must prove both aspects of his claim even if, as in this case, he does not proceed against the union. In determining whether a union breached its duty of fair representation, a court must decide whether the union's conduct was arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■■■ Armstrong's claim against the union is that it breached its duty of fair representation because union steward Deramus did not permit Armstrong to testify at the arbitration hearing. We agree with the district court that Armstrong has failed to prove that the union's action was arbitrary, discriminatory, or in bad faith.

## II.

The Honorable Patrick J. Duggan, United States District Judge, prepared a detailed and carefully reasoned opinion, thoroughly discussing and analyzing each issue presented. We find Judge Duggan's reasoning to be compelling and persuasive. After a careful consideration of the record on appeal and the arguments of the parties, we are satisfied that we cannot improve upon Judge Duggan's excellent opinion and we adopt it as our own.

The district court's judgment is AFFIRMED.