{¶ 50} As noted by the majority, this matter comes before the court on appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision in favor of appellee Pauline Bryant by the Ohio State Employment Relations Board ("SERB"). In this case, the majority concludes that the trial court's opinion affirming the decision rendered by SERB should be reversed, and this matter should be remanded to that court with instructions to return the matter to SERB so that SERB may enter a determination that the Service Employees International Union District 1199, AFL-CIO ("union") did not commit an unfair labor practice. Being unable to agree with that conclusion, I respectfully dissent.
{¶ 51} On June 16, 1999, volunteer union representative, Deborah Perkins, filed a grievance on behalf of all of the nurses who worked in her department alleging that the Ohio Corrections Medical Center ("CMC") had assigned overtime to nurses who worked outside of the department prior to offering the overtime to the nurses who worked within the department as required by the Collective Bargaining Agreement ("CBA"). There is no dispute in this matter that the grievance filed by Perkins qualified as a class grievance pursuant to Article 7.04 of the CBA. That section of the CBA provides that:
{¶ 52} "* * * When a group of bargaining unit employees desires to file a grievance involving an alleged violation that affects more than one (1) employee in the same way, the grievance may be filed by the union. A grievance so initiated shall be called a Class Grievance. Class Grievances shall be filed by the Union within fifteen (15) days of the date on which the grievant(s) knew or reasonably could have known of the event giving rise to the Class Grievance. Class Grievances shall be initiated directly at Step Two (2) of the grievance procedure if the entire class is under the jurisdiction * * * of more than one (1) Step Two (2) management representative. The Union shall identify the class involved, including the names if necessary, if requested by the agency head or designee."
{¶ 53} On August 12, 1999, a "Step 3" hearing was held in accordance with the grievance procedure contained in the CBA. Thereafter, the grievance proceeded to mediation as provided for under "Step 4" of the grievance procedure. The mediation took place at the State of Ohio, Office of Collective Bargaining, and through the parties' efforts, a settlement of the grievance was achieved.
{¶ 54} Although the union representatives repeatedly tried to include Bryant in the settlement of the grievance, their efforts during the nonbinding portion of the CBA grievance process were unsuccessful. Having experienced no success in securing participation, Bryant filed an unfair labor practices charge against the union, accusing the union of failing to fulfill its duty of fair representation.
{¶ 55} On June 22, 2000, SERB found probable cause sufficient to warrant a hearing before an Administrative Law Judge ("ALJ"). The parties presented documentary and testimonial evidence to the ALJ, and following the conclusion of that hearing, the parties filed post-hearing briefs. On November 21, 2000, the ALJ issued a proposed order in which she concluded that the appellants had violated R.C. 4117.11(B)(1) and (B)(6) when they settled the grievance excluding a known member of the affected class.
{¶ 56} On March 1, 2001, SERB issued an independent decision in which it found that the appellants had violated their duty of fair representation. SERB's order was later affirmed by the Franklin County Court of Common Pleas. Having carefully reviewed the record, briefs, and arguments of the parties, I conclude that the essential issue presented is whether the union, when it filed a class grievance, violated its duty to fairly and equally represent all class members when it settled the grievance excluding Bryant, a known member of the applicable class, and when it failed or refused to pursue all available remedies available to it pursuant to the CBA. I believe that, contrary to the conclusion of the majority, the opinion of the mediator was supported by the record and the admissions and statements of the parties. It was not, in my opinion, "an advisory opinion that the arbitrators would have refused to allow Bryant to participate in the settlement * * *," as stated in the majority opinion.
{¶ 57} Although Bryant's name was not listed on the grievance, there is no question or dispute in this case that she was a known member of the class, whose name was listed on the overtime call sheet which should have been used by CMC. After the grievance had been filed, a "Step 3" hearing was held in accordance with the provisions of the CBA. However, at the conclusion of the hearing, the entire grievance was denied. Interestingly, although they had been informed their grievance had been denied, the union took advantage of its rights under the CBA and required the parties to proceed to structured mediation, the next step of the grievance procedure contained in the CBA.
{¶ 58} During the course of mediation, Perkins continued her efforts to "add" Bryant to the grievance, but was unsuccessful in doing so despite the fact that the grievance was filed as a class grievance, and despite the fact that there was no question that Bryant was similarly situated with the other members of the class. Appellants make much of the fact that after a settlement was reached regarding "the class," the mediator was asked to render an advisory opinion as to whether or not Bryant would be allowed to participate in the settlement if the matter were taken beyond mediation to arbitration. Again, I believe the record clearly shows that the CBA provides that the mediator was qualified only to render an unofficial, nonbinding opinion.
{¶ 59} According to SERB, "[a]bsent justification or excuse, a union's negligent failure to take a basic and required step, unrelated to the merits of the grievance, is a clear example of arbitrary and perfunctory conduct which amounts to unfair representation." Vencl v. Internatl. Union of Operating Engineers (1998), 137 F.3d 420, 426. SERB continued, explaining that a union has certain basic and required actions that it must take in order to fulfill its duty of fair representation. Id. It then listed several examples, including the filing of a grievance and the processing of a grievance, as well the duty to mediate and/or arbitrate the grievance on behalf of the union's members.
{¶ 60} In this case, four employees initially approached Perkins and asked her to file a grievance on their behalf. However, when she did so, Perkins requested relief for all of the nurses who had missed overtime opportunities as a result of CMC's failure to abide by the terms of the CBA, not merely those named on the grievance. Thus, while the grievance was not specifically labeled a "class grievance," because it requested relief for six named employees as well as all others similarly situated, it qualified as a class grievance when it was filed. Because the grievance qualified as a class grievance when it was filed, it is beyond argument that Bryant was a member of the class from the very beginning.
{¶ 61} The Ohio Supreme Court in Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, stated:
{¶ 62} "In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 266, this court described the extremely deferential standard of review applied to factual determinations of SERB pursuant to R.C. 4117.13(D). We observed therein that disputes as to conflicting evidence `* * * are properly determined by SERB, which was designated by the General Assembly to facilitate an amicable, comprehensive, effective labor-management relationship between public employees and employers. State, ex rel. Dayton Fraternal Order of Police Lodge No. 44, v. State Emp. Relations Bd. (1986), 22 Ohio St.3d 1,5, 22 OBR 1, 4, 488 N.E.2d 181, 184-185. As long as SERB's decision on such matters is supported by substantial evidence, it must be affirmed. Courts should not be required to intervene in every factual dispute between contesting parties.'" Id. at 343.
{¶ 63} There is no question that Bryant was a member of the class of grievants which, except for her, all received compensation as a result of CMC's violation of the overtime provisions of the CBA. Indeed, a second identical grievance was filed based upon the same facts and conduct in which Bryant's participation as a class member was never challenged even though she was not a "named" grievant. There is no question that the record in this case reveals that the parties treated this grievance as a class grievance. However, in light of all of the uncontested facts of this case, including the union's admitted attempts to obtain "permission" to add Bryant to the class of which she was already a member, the union agreed to leave Bryant out of the settlement and proceed no further based upon nothing more than an informal opinion of a mediator who had no authority under the CBA to make any rulings against either of the parties.
{¶ 64} As noted by the majority, the union argued that its decision to settle the matter to the exclusion of Bryant, and proceed no further under the provisions of the CBA, was justified in light of the mediator's nonbinding advisory opinion. However, as noted by SERB, the union's failure to exhaust the available avenues set forth in the CBA to protect Bryant's rights was deliberate and, in my view, was not based upon any distinguishable fact or rational justification.
{¶ 65} Although Bryant had everything to gain and nothing to lose by proceeding to arbitration, the union refused to request arbitration on her behalf. Having thoughtfully reviewed this matter, I believe that the only convincing explanation for the union's behavior is that it would have had to invest additional time and money to settle the grievance if it were to properly represent Bryant's interest. In light of the facts of this case, I conclude that the appellants' failure to represent Bryant through the established grievance procedure set forth in the CBA once it had agreed to a settlement which included all of the other members of the class was arbitrary and in violation of R.C. 4117.11(B)(1) and (B)(6). Accordingly, I would rule that the trial court correctly affirmed SERB's decision in this case. As the majority concludes otherwise, I respectfully dissent.