Serge SIMONEAU, Plaintiff–Appellant,

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

No. 02–1246.

United States Court of Appeals, Sixth Circuit.

Dec. 19, 2003.

446

Harold Dunne, Livonia, MI, for Plaintiff–Appellant.

Alex L. Alexopoulos, Hardy, Lewis & Page, Birmingham, MI, for Defendant–Appellee.

Before SILER, BATCHELDER and COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

Plaintiff–Appellant, Serge Simoneau, appeals the district court's grant of summary judgment in favor of Defendant–Appellee, General Motors Corporation ("GM"), on his breach of contract claim. Simoneau claims that GM breached an agreement reached by GM and Simoneau's union, the United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), to settle Simoneau's grievance against GM. Because we find that § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, preempts Simoneau's state law breach-of-contract claim, and that he failed to allege a valid federal hybrid § 301 claim, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Simoneau worked as an hourly employee for GM from 1973 until May of 2000. On May 16, 2000, GM discharged Simoneau for fighting with a coworker at GM's Detroit Hamtramck plant. Believing that his misconduct did not warrant the severe sanction of discharge, Simoneau exercised his rights as a UAW member and initiated a grievance against GM. GM and the UAW resolved the grievance with an agreement signed on September 25, 2000 to reinstate Simoneau. The agreement read:

> Management has agreed to reinstate [Simoneau] to work. The reinstatement is based upon the unique circumstances associated with the case. This agreement is made without prejudice to the position of either party and the disposition of this situation will not be referenced nor cited as establishing precedent for settlement of other situations of a similar nature.

[Simoneau] will be *reinstated to active employment* effective September 25, 2000. There will be no pay or benefits for time lost as a result of the separation and the time out of the plant will be considered as a period of broken seniority.

(emphasis added). Almost five months later, however, Simoneau was still not working at GM.

Before the district court, the parties urged differing interpretations of the meaning of the settlement's promise of "reinstate[ment] to active employment." Simoneau read the phrase as meaning that *GM would return him to work immediately*—on the date it signed the agreement. But GM explained that the debated phrase obligated GM only to convert Simoneau's employment *status* from "discharged" to "active employment" immediately. Upon that conversion, according to GM, Simoneau gained eligibility for transfer and re-hire under the collective bargaining agreement's "area hire" procedures. Consistent with those procedures, GM eventually re-hired Simoneau at its Lake Orion plant. The district court granted summary judgment to GM and this appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review the district court's grant of summary judgment de novo and will affirm the decision "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party is initially required to demonstrate an absence of evidence supporting the non-moving party's case. The nonmoving party must then set forth sufficient facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. Breach of Contract Claim Preempted under Section 301 of the LMRA

Simoneau framed his claim against GM as one for breach of his contractual rights (his state law claim) and breach of the collective bargaining agreement. The district court granted summary judgment on a finding of no breach. Because federal law preempts Simoneau's state law breach-of-contract claim and he failed to properly plead a federal hybrid action under § 301 of the LMRA, we affirm summary judgment for GM on those grounds rather than on the grounds utilized by the district court.

Section 301 of the LMRA (29 U.S.C. § 185(a)) governs alleged breaches of a labor contract and provides that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties....

Where a decision on a state law claim "is inextricably intertwined with consideration of the terms of [a] labor contract," and when application of state law to a dispute "requires the interpretation of a collective-bargaining agreement," those state law claims are preempted by § 301 of the LMRA. *Jones v. General Motors Corp.*, 939 F.2d 380, 383 (6th Cir.1991) (*quoting Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)). This case closely tracks *Jones* in the aspects that spurred the *Jones* court's preemption con-

clusion, and we likewise find Simoneau's state law breach-of-contract claim preempted.

### C. Simoneau Failed to Allege a Hybrid § 301 Cause of Action

 Simoneau's preempted breach-of-contract claim then actually presents a hybrid § 301 suit for breach of a labor contract. *Id.* at 384. His claim for breach of the CBA likewise must be considered a § 301 suit. Such hybrid actions involve "direct challenge to the private settlement of disputes under [an applicable collective bargaining agreement]." *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (internal citation and punctuation omitted). To prevail in a hybrid § 301 action, an employee must prove both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation of the employee. *Id.* at 164–65. No liability can attach to the employer unless the employee establishes both of these elements. *Roeder v. Am. Postal Workers Union, AFL–CIO,* 180 F.3d 733, 737 (6th Cir.1999).

Simoneau's complaint fails to allege that the UAW breached its duty of fair representation. As Simoneau has failed to allege an essential element of a hybrid § 301 claim, the district court properly granted summary judgment in favor of GM.

### III. CONCLUSION

We **AFFIRM** the district court's grant of summary judgment on the grounds that the LMRA preempts Simoneau's breach-of-contract claim and he failed to allege a

---

* The Honorable Robert Holmes Bell, United States District Court for the Western District,

hybrid § 301 claim as required by the LMRA.