NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3287
_____

WILLIAM KLIMEK
                    Appellant
            v.

UNITED STEELWORKERS LOCAL 397; JOHN DOES (1-10)
ABC CORPS (Fictitious Names) SUNOCO PARTNERS, LLC; ROBERT GRAY
_____

On Appeal from United States District Court
for the District of New Jersey
(D. NJ. No. 2-11-cv-01988)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2015

Before:  FISHER, CHAGARES and COWEN, *Circuit Judges*.

(Filed: June 17, 2015)
_____

OPINION[*]
_____

      [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

William Klimek appeals the District Court's summary judgment in favor of United Steelworkers Local 397 ("Local 397"), Robert Gray, and Sunoco Partners LLC ("Sunoco"). We will affirm, essentially for the reasons stated by the District Court.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Klimek worked as a Sunoco terminal operator from November 2005 until he was fired on August 23, 2010, for twice violating Sunoco rules against harassment. The first incident occurred in January 2009 when Klimek yelled at another terminal operator and used profane language. Afterward, Klimek's direct supervisor, Romeet Ahuja, met with him to tell him his behavior was "not at all tolerated."[1] Then in April 2010, Klimek yelled at a Sunoco subcontractor driver after the driver asked Klimek about a light that was out in the terminal operator office. The driver reported the incident to Sunoco's Northeast Regional Manager, Gray, who investigated it. The parties dispute the details and extent of the investigation, but they agree that on April 23, 2010, Gray informed Klimek—in the presence of Klimek's Local 397 representative, Greg Turner[2]—that Klimek was accused

---

[1] App. 116, 246.
[2] Local 397 was the exclusive bargaining representative for Sunoco operators at its Newark terminal, and a collective bargaining agreement ("CBA") governed the

of "harassing [the driver] and hollering at him."[3] Soon after, Gray recommended that Sunoco fire Klimek, and on May 14, 2010, Sunoco approved the termination.

The same day Sunoco decided to fire him, however, Klimek informed Sunoco he needed time off because of a severe gout attack, which ultimately turned into a three-month leave of absence. He had previously taken a three-month leave of absence in 2008 for a gout attack. When Klimek returned to work on August 23, 2010, Gray informed Klimek that he was fired for violating Sunoco's harassment policy.

Following his termination, Klimek asked Turner to file a grievance on his behalf pursuant to the CBA. After a Step 1 grievance was denied, Turner planned to file a Step 2 grievance, but the CBA required Klimek's signature to do so. Turner tried to contact Klimek to get his signature but was unable to reach him because, unbeknownst to Turner, Klimek's phone was out of service for several days around this time. Turner finally spoke to Klimek on October 7, 2010, and that evening, Klimek signed the forms. The next morning, Turner filed the Step 2 grievance, believing that it was timely, but it was in fact one day late and was denied as untimely. Local 397 decided not to appeal this decision.

Klimek sued Sunoco and Gray for violating the New Jersey Law Against Discrimination ("NJLAD") by firing him because of his gout.[4] Klimek also sued Local

---

operators' terms of employment. Klimek was not a Local 397 member, but he was advised Local 397 would represent him upon request.
[3] App. 366.
[4] N.J. Stat. § 10:5-12(a).

397 and Sunoco for violating § 301 of the Labor Management Relations Act ("LMRA").[5]

The District Court granted summary judgment for all defendants, and Klimek appealed.

## II.[6]

We exercise plenary review over the District Court's summary judgment, applying

the same standard the District Court did.[7] We review the record in the light most

favorable to the nonmovant and will affirm only if "'there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.'"[8]

## III.

Klimek contends that the District Court misapplied the summary judgment

standard in concluding no genuine dispute of material fact existed and that the Court

committed legal error with respect to his LMRA claim. We disagree.

## A.

Klimek's NJLAD claim is based on his belief that Sunoco fired him because of his

gout. An NJLAD claim is analyzed under the familiar burden-shifting framework from

*McDonnell Douglas Corp. v. Green*.[9] For this appeal, the parties concede that Klimek can

establish a prima facie case of discrimination and that Sunoco had a nondiscriminatory

---

[5] 29 U.S.C. § 185.

[6] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291.

[7] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301 n.3 (3d Cir. 2014).

[8] *Heffernan v. City of Paterson*, 777 F.3d 147, 151 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).

[9] 411 U.S. 792 (1973); *Viscik v. Fowler Equip. Co.*, 800 A.2d 826, 833 (N.J. 2002).

4

reason for firing him. Therefore, the only question remaining is whether Klimek can show that Sunoco's proffered reason for firing him was a pretext for discrimination.

To show pretext, Klimek must present some evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."[10] It is not enough to show the employer's reasons were mistaken, unwise, imprudent, or incompetent; instead, Klimek "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence."[11]

The District Court correctly concluded that Klimek's evidence of pretext falls short. To start, Gray's mere knowledge of Klimek's gout is insufficient to show pretext.[12] Nor does Klimek's belief that he received a harsher punishment than his conduct warranted show pretext. Perhaps Klimek is correct that the two incidents in this case are more aptly characterized as something less than harassment, but that only shows that Sunoco's reason for firing him was a mistake or an overreaction, not that it was a pretext for discrimination. We are not "a super-personnel department" tasked with correcting unduly harsh employment actions; we are instead concerned with whether the reasons for

---

[10] *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

[11] *Id.* at 765 (internal quotation marks omitted).

[12] *See Christopher v. Adam's Mark Hotels*, 137 F.3d 1069, 1073 (8th Cir. 1998).

such actions are pretextual.[13] Moreover, there is no evidence that Sunoco's disciplinary policy was mandatory; in fact, it expressly "reserves the right to impose penalties different than those listed herein."[14] Therefore, even if Sunoco deviated from its policy here, any showing of pretext based on that deviation is weak.[15]

For the same reasons given by the District Court, we are also unpersuaded by Klimek's efforts to show pretext by highlighting inconsistencies in Gray's testimony. We will not recount each of the alleged inconsistencies here, but suffice it to say that the variations between Gray's recollection of events and others' recollections do not show pretext because they do not sufficiently call into question the nature of the incidents involving Klimek and they do not suggest that Sunoco's decision to fire him was based on anything other than those incidents. Klimek argues further that Sunoco treated other terminal operators who did not have medical disabilities more favorably than it treated him. We disagree because none of the other employees Klimek identifies were disciplined for anything resembling harassment or verbal abuse,[16] and, as previously stated, Sunoco's disciplinary policy was non-mandatory. Sunoco's decision to treat Klimek's conduct differently is not evidence of a discriminatory motive.

---

[13] *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 332 (3d Cir. 1995).
[14] App. 108.
[15] *See Morris v. City of Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008).
[16] *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000) (noting that comparator evidence usually entails, among other things, a showing that two employees "had engaged in similar conduct").

Finally, because we conclude that the District Court correctly granted summary judgment for Sunoco, Klimek's aiding and abetting claim against Gray also fails.[17]

B.

Klimek also brings a hybrid claim under § 301 of the LMRA against Local 397 and Sunoco. The claims are "inextricably interdependent" because the claims against the union and the employer both require proof that the union breached its duty of fair representation and that the employer breached the contract.[18]

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."[19] The only question here is whether Local 397's conduct was arbitrary. A union acts arbitrarily "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational."[20] A union cannot, for example, "arbitrarily ignore a meritorious grievance or process it in perfunctory fashion."[21] But mere negligence by the union does not establish a breach of the duty of fair representation.[22]

---

[17] *See Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 307 n.15 (3d Cir. 2004).
[18] *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983).
[19] *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).
[20] *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks and citation omitted).
[21] *Vaca*, 386 U.S. at 191.
[22] *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372–73 (1990); *Riley v. Letter Carriers Local No. 380*, 668 F.2d 224, 228 (3d Cir. 1981).

Here, the District Court rightly decided that Klimek's claim against Local 397 fails because Turner was at most negligent in not filing the grievance on time. Citing precedent from other circuits, Klimek asks us to hold that a union's unexplained failure to perform a ministerial act, such as timely filing a grievance, is per se arbitrary conduct.[23] We have not recognized a distinction between ministerial and non-ministerial acts, but even if we did, it would not help Klimek here because Local 397's conduct was not unexplained. The CBA required Klimek's signature to file a Step 2 grievance, but Turner was unable to obtain Klimek's signature for several days at least in part because of the interruption to Klimek's phone service. When Turner finally contacted Klimek, they met immediately, and Turner filed the grievance the next morning.

Additionally, Local 397 did not act arbitrarily by not pursuing the grievance after it was denied as untimely. The CBA provided that an arbitrator could consider a grievance only if it was "properly carried through all the steps of the grievance procedure."[24] Therefore, Local 397's decision to drop the grievance was reasonable.

And because the claim against Local 397 for breach of the duty of fair representation is a "necessary condition precedent" to the claim against Sunoco, the District Court correctly concluded that the § 301 claim against Sunoco must fail as well.[25]

---

[23] *See* Klimek's Br. 40–42 (citing *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 880 (9th Cir. 2007); *Vencl v. Int'l Union of Operating Eng'rs, Local 18*, 137 F.3d 420, 426 (6th Cir. 1998)).
[24] App. 78.
[25] *Albright v. Virtue*, 273 F.3d 564, 576 (3d Cir. 2001).

## IV.

Accordingly, we will affirm the order of the District Court.