[Cite as *State ex rel. Staple v. State Emp. Relations Bd.*, 2024-Ohio-140.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher R. Staple, | : | |
| Relator, | : | No. 22AP-78 |
| v. | : | (REGULAR CALENDAR) |
| State Employment Relations Board et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on January 16, 2024

**On brief:** *Law Offices of S. David Worhatch*, and *S. David Worhatch*, for relator. **Argued:** *S. David Worhatch*.

**On brief:** *General Counsel FOP/OLCI*, and *Michael W. Piotrowski*, for respondent Fraternal Order of Police, Ohio Labor Council, Inc. **Aruged:** *Michael W. Piotrowski*.

**On brief:** *Dave Yost*, Attorney General, and *Lori J. Friedman*, for respondent State Employment Relations Board. **Argued:** *Lori J. Friedman*.

**On brief:** *Zashin and Rich Co.*, *L.P.A.*, and *Scott H. Dehart*, for respondent City of Ravenna. **Argued:** *Scott H. Dehart*.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} This matter concerns orders of respondent, State Employment Relations Board ("SERB"), dismissing unfair labor practice charges brought by relator, Christopher R. Staple, against respondents, City of Ravenna, Ohio ("Ravenna") and Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP"). Relator asserted claims for

relief in mandamus and for declaratory judgment.  Relator, SERB, and FOP filed motions for summary judgment.

## I. Facts and Procedural History

{¶ 2}   On February 1, 2022, relator filed a complaint with this court seeking a writ of mandamus compelling SERB to vacate orders dismissing relator's unfair labor practice charges, enter an order finding probable cause existed as to the charges, and issue complaints to determine the merits of the charges. Relator also asserted a claim for declaratory relief.

{¶ 3}   This matter was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  The magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate recommended we dismiss relator's claim for declaratory relief for lack of jurisdiction, and that we deny the motions for summary judgment filed by SERB and FOP.  The magistrate further recommended we grant relator's motion for summary judgment as follows: (1) grant a writ of mandamus directing SERB to vacate its order dismissing the unfair labor practice charge against Ravenna in SERB case No. 2021-ULP-03-0044, issue an order finding probable cause exists to believe an unfair labor practice has been committed, and commence further proceedings as appropriate in accordance with such determination; and (2) with regard to SERB case No. 2021-ULP-03-0045, grant a limited writ of mandamus vacating SERB's order dismissing the unfair labor practice charge against FOP and directing SERB to consider all facts and circumstances relevant to relator's allegation of a violation of R.C. 4117.11(B)(2), and to issue an explanation setting forth its reasoning in resolving relator's unfair labor practice charge.

## II. Objections

{¶ 4}   FOP, SERB, and Ravenna have filed objections to the magistrate's decision and recommendation.

### A. FOP's Objection

{¶ 5}   In FOP's sole objection, FOP argues the magistrate erred by recommending we issue a limited writ requiring SERB to hear and determine whether FOP violated R.C. 4117.11(B)(2) because relator presented no evidence to support a finding that FOP caused or attempted to cause Ravenna to engage in an unfair labor practice.  FOP also contends

the magistrate's decision is ambiguous as it relates to the alleged violation of R.C. 4117.11(B)(6).

**B. SERB's Objections**

{¶ 6}  In SERB's first objection, SERB argues the magistrate erred in concluding relator had standing to seek an order compelling arbitration.

{¶ 7}  In SERB's second objection, SERB argues the magistrate erred by recommending a limited writ of mandamus in relation to the alleged R.C. 4117.11(B)(2) violation by FOP.

**C. Ravenna's Objections**

{¶ 8}  In the first objection, Ravenna contends the magistrate erroneously found that R.C. 4117.11 conferred a right upon relator to compel arbitration and erroneously concluded relator had standing to assert a violation of R.C. 4117.11(A)(1).

{¶ 9}  In the second objection, Ravenna contends the magistrate mischaracterized and misapplied the relevant case law in concluding that relator, a non-party to the arbitration agreement, had standing to seek an order compelling arbitration.

{¶ 10}  In the third objection, Ravenna argues the magistrate erred by ordering the parties to perform the futile act of arbitrating an untimely grievance.

{¶ 11}  In the fourth objection, Ravena joins in SERB's objection to the limited writ concerning the alleged R.C. 4117.11(B)(2) violation by FOP.

**III. Analysis**

{¶ 12}  In ruling on objections, this court must undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.  Civ.R. 53(D)(4)(d).

**A. SERB case No. 2021-ULP-03-0044 case against Ravenna**

{¶ 13}  In Ravenna's first and second objections, and in SERB's first objection, it is argued that the magistrate erred by recommending we issue a writ of mandamus because relator does not have standing to seek an order compelling arbitration of his grievance. SERB and Ravenna raised this standing argument both in support of their respective motions for summary judgment and in response to relator's cross-motion for summary judgment.  The issue of relator's alleged lack of standing was also raised, but not decided,

in the Eleventh District Court of Appeals, and in proceedings before SERB. Relator's alleged lack of standing to seek an order compelling arbitration was the primary argument raised at oral argument on objections to the magistrate's decision.

{¶ 14} SERB's decisions dismissing relator's unfair labor practice ("ULP") claims do not discuss the issue of standing. The magistrate found that relator had a right to pursue his claims under R.C. 4117.11 against Ravenna, but the magistrate's decision does not explicitly address the issue of standing.

{¶ 15} Respondents' standing argument mischaracterizes both the nature of relator's complaint in mandamus and the scope of the writ recommended by the magistrate. Contrary to respondents' assertion, relator does not seek an order from this court compelling arbitration of his grievance. Rather, relator seeks an order from this court compelling SERB to find that probable cause exists to believe Ravenna violated R.C. 4117.11(A)(1) by refusing to submit the grievance to arbitration. Similarly, the magistrate did not recommend we issue a writ compelling arbitration of relator's grievance. Rather, the magistrate recommended we issue a writ compelling SERB to issue an order finding probable cause exists to believe an ULP has been committed and commence further proceedings as appropriate in accordance with such determination.

{¶ 16} Respondents' standing argument is based, in large part, on the decision of the Supreme Court of Ohio in *Leon v. Boardman Twp.*, 100 Ohio St.3d 335, 2003-Ohio-6466, and similar cases decided thereunder. Respondents' reliance on *Leon* is misplaced.

{¶ 17} In *Leon*, the plaintiff/employee was discharged by defendant/employer. The employee and his union representative pursued a grievance under the collective bargaining agreement ("CBA"), which culminated in arbitration. When the employee lost in arbitration, he commenced a mandamus action seeking an order vacating the arbitration award for the employer. The Seventh District Court of Appeals decided the employee did not have standing to appeal the award and dismissed his appeal. The Supreme Court agreed, holding the employee did not have standing to challenge an arbitration award because the CBA did not give the employee an independent right to submit disputes to arbitration.

{¶ 18} The *Leon* case is distinguishable because it did not involve an ULP claim against the union or the employer. Here, relator seeks an order compelling SERB to hear

and determine his ULP claims alleging a failure of respondent/union to timely notify the respondent/employer of the employee's desire to arbitrate a grievance and the employer's alleged failure to submit the grievance to arbitration. Thus, the *Leon* case does not speak to the standing issue raised by respondents in this case.

{¶ 19} The ULP claim against Ravenna is predicated on R.C. 4117.11(A)(1), which states: "It is an unfair labor practice for a public employer, its agents, or representatives to * * * [i]nterfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances."

{¶ 20} The magistrate reviewed the relevant case law and determined that R.C. 4117.11 provided relator, a bargaining unit employee, with a statutory recourse against the employer for violations of R.C. 4117.11(A)(1), whether the employee has an independent right under the CBA to independently pursue an arbitration of his grievance or not. The magistrate further determined that probable cause existed to believe that Ravenna violated R.C. 4117.11(A)(1) by refusing to submit relator's grievance to arbitration based on its unilateral determination that the grievance was untimely. The magistrate reasoned that, under the particular facts and circumstances of this case, the timeliness of FOP's notice to Ravenna was a question of procedural arbitrability that should have been submitted to the arbitrator. As the magistrate ably noted: "Regardless of Ravenna's argument concerning relator's individual rights or participation in the arbitration process, Ravenna was still required under controlling caselaw to proceed to arbitration following the FOP's notice of intent to arbitrate in order to have the arbitrator address such questions of procedural arbitrability." (App'x at ¶ 85.)

{¶ 21} Ravenna maintains the magistrate misinterpreted and misapplied the relevant case law in reaching these conclusions. We have reviewed the relevant case law and we agree with the magistrate's analysis and conclusions. Accordingly, for the reasons set forth in the magistrate's decision and the additional reasons set forth herein, we overrule Ravenna's first and second objections, and we overrule SERB's first objection.

{¶ 22} In Ravenna's third objection, Ravenna claims the magistrate erred by recommending we order SERB to perform the "futile act" of issuing an order finding probable cause exists to believe an unfair labor practice has been committed and

commencing further proceedings as appropriate in accordance with such determination. (Ravenna's Obj. to Mag.'s Decision at 16.) We disagree.

{¶ 23} Ravenna maintains that because SERB has already determined that FOP's notice of relator's intent to submit the grievance to arbitration was untimely, there is no point in requiring an arbitrator to hear the grievance. The magistrate determined, however, there was probable cause to believe that Ravenna committed a violation of R.C. 4117.11(A)(1) by unilaterally determining the notice was untimely, under circumstances where the question of timeliness should have been submitted to the arbitrator in the first instance. Because we agree with the magistrate's analysis and conclusion, we overrule Ravenna's third objection.

### B. SERB case No. 2021-ULP-03-0045 case against FOP

{¶ 24} In FOP's sole objection, SERB's second objection, and Ravenna's fourth objection, it is argued the magistrate erred in recommending we issue a limited writ of mandamus ordering SERB to vacate the order dismissing the unfair labor practice charge against FOP, consider all facts and circumstances relevant to relator's allegation of a violation of R.C. 4117.11(B)(2), and issue an order setting forth its reasoning resolving relator's ULP charge. Accordingly, we shall consider these objections together.

{¶ 25} Pursuant to R.C. 4117.11(B), "[i]t is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to * * * (2) [c]ause or attempt to cause an employer to violate division (A) of this section; [or] * * * (6) [f]ail to fairly represent all public employees in a bargaining unit."

{¶ 26} The magistrate noted that SERB's June 3, 2021 decision identified, but did not address, relator's ULP claim under R.C. 4117.11(B)(2). The magistrate determined that SERB abused its discretion by dismissing relator's R.C. 4117.11(B)(2) charge without providing any explanation or reasoning for the decision. On this point, we agree with the magistrate and for the reasons set forth in the magistrate's decision we overrule SERB's objection as to the alleged violation of R.C. 4117.11(B)(2), and FOP's objection, in part, as to that charge.

{¶ 27} FOP and SERB argue, however, even though SERB's order did not provide the required explanation or reasoning for dismissing the ULP charge under R.C. 4117.11(B)(2), there was no abuse of discretion because the record is devoid of any evidence

to support the alleged violation. In response, we note that SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn. v. FOP*, 59 Ohio St.3d 167 (1991), paragraph one of the syllabus. Accordingly, it is not the prerogative of this court to conduct an initial review of the evidence to determine whether relator has met his burden of proof under R.C. 4117.11(B)(2). That responsibility falls on SERB. *Id. See also Consolo v. Cleveland*, 103 Ohio St.3d 362, 2004-Ohio-5389 (whether union conduct in falsely informing the city that public employees had agreed to compensation changes violates R.C. 4117.11(B)(2) is a question that must first be addressed by SERB).

**{¶ 28}** With respect to the dismissal of relator's R.C. 4117.11(B)(6) charge, FOP contends the magistrate's decision is ambiguous as it relates to relator's claim of the alleged violation of R.C. 4117.11(B)(6).

**{¶ 29}** The SERB decision reads in relevant part as follows:

> Christopher R. Staple (Charging Party) filed an unfair labor practice charge against Fraternal Order of Police, Ohio Labor Council, Inc (Charged Party/Union). Charging Party alleged Charged Party violated Ohio Revised Code § 4117.11(B)(2) and (6) by failing to represent him.
>
> * * *
>
> Mr. Staple was terminated after an investigation in the Summer and Fall of 2020. Mr. Staple was also a member and represented by the Fraternal Order of Police, Ohio Labor Council (Union). After Mr. Staple was terminated from employment with the City of Ravenna, he asserted his right to no longer be represented by the Union and instead be represented by his personal attorney. At this point the Union was no longer representing Mr. Staple. After the Step 3 Hearing, the Mayor upheld the termination. A notice to arbitrate was filed with the Employer by the Union pursuant to its agreement with Mr. Staple. However, the City asserts that the notice to arbitrate that was filed did not follow the timelines established in the parties' grievance procedure. *As the Union complied with its agreement with Mr. Staple to submit a notice to arbitrate and did so per the instructions of Mr. Staple and his representative, any alleged failure to process the request was not on the part of the Union.* Based on the information and documentation provided the Union's

actions do not rise to the level of an (B)(6) violation. Accordingly, the charge is dismissed with prejudice for lack of probable cause to believe the statute has been violated.

(Emshasis added.) (June 3, 2021 Dismissal of Unfair Labor Practice Charge at 1.)

{¶ 30} In our opinion, SERB's dismissal of the R.C. 4117.11(B)(6) charge presents the following question for this court: Under circumstances where the Union knows the employee wishes to arbitrate a grievance but only the union has the right to notify the employer of that intent, does the union breach the duty of fair representation by agreeing with the employee's counsel to make the required notice on a specific date which the union knows or has reason to know is beyond the time limit prescribed in the CBA? For the following reasons, we answer that question in the affirmative.

{¶ 31} The magistrate correctly set forth the controlling law on the issue as follows:

> There are certain basic and required steps a union must take when fulfilling its duty of fair representation; the specific steps will vary depending upon the nature of the representation being provided; a non-exhaustive list of these representation functions includes filing a grievance, processing a grievance, deciding whether to take a grievance to arbitration, participating in labor-management committee meetings, negotiating with an employer regarding wages, hours, terms and conditions of employment, and conducting a contract ratification meeting. Failure to take a basic and required step while performing any of these representation functions creates a rebuttable presumption of arbitrariness. When looking at this issue, we must look at all of the circumstances involved, including, but not limited to, what steps were basic and required, how severe the mistake or misjudgment was, what the consequences of the union's acts were, and what the union's reasons for its acts were.
>
> The initial burden is on the Charging Party and the Complainant to show that the union acted arbitrarily, and therefore did not fairly represent the Charging Party, by showing that the union failed to take a basic and required step. Once that burden has been met, the union must come forth with its justification or viable excuse for its actions or inactions.

(App'x at ¶ 89.)  *In re Ohio Civil Service Emps. Assn., AFSCME Local 11, Chapter 2525*, SERB No. 98-010, 2011 OH SERB LEXIS 28, *8-9 (Nov. 17, 2011), citing *Vencl v. Internatl. Union of Operating Engineers, Local* 18, 137 F.3d 420 (6th Cir.1998).  *See also Dist. 1199, Health Care & Social Servs. Union v. State Emp. Relations Bd.*, 10th Dist. No. 02AP-391, 2003-Ohio-3436, ¶ 37-38.

{¶ 32} Here, the evidence presented to SERB shows that FOP knew that relator wished to arbitrate his grievance, but FOP did not timely notify Ravenna, in writing, of relator's intent.  FOP, SERB, and Ravenna have consistently maintained in this litigation that only FOP has the right, under the terms of the CBA, to take this critical step in the grievance procedure.  Indeed, as set forth above, the crux of the standing argument is that relator has no right under the CBA to independently initiate the arbitration process by submitting a written notice to Ravenna of his intent to arbitrate his grievance.  Thus, the evidence shows that FOP failed to take a basic and required step in the grievance procedure.

{¶ 33} Because the evidence shows that FOP failed to take this critical step in the grievance procedure, the burden shifted to FOP to come forth with a justification or viable excuse for its actions or inactions.  In concluding that FOP had met this burden, SERB found: "As the Union complied with its agreement with [relator] to submit a notice to arbitrate and did so per the instructions of [relator] and his representative, any alleged failure to process the request was not on the part of the Union." (June 3, 2021 Dismissal of Unfair Labor Practice Charge at 1.)

{¶ 34} In *Vencl*, the sixth circuit shed some light on the scope of the fair representation requirement in a context that is relevant to this case:

> The [National Labor Relations Act] imposes a duty of fair representation upon unions. * * * A union breaches that duty by acting arbitrarily. *Ruzicka v. General Motors Corp.*, 649 F.2d 1207, 1209 (6th Cir.1981) ("*Ruzicka II*"). A union acts arbitrarily by failing to take a basic and required step. *Id.* at 1211. *Timely filing is both basic and required. In Ruzicka II, the union failed to file a timely grievance. The court noted that "absent justification or excuse, a union's negligent failure to take a basic and required step, unrelated to the merits of the grievance, is a clear example of arbitrary and perfunctory conduct which amounts to unfair representation." Id.* (citation omitted). As an example of a viable excuse, the court held that the union's untimely filing

> could be excused if a prior course of dealing reasonably indicated that the employer would accept a late filing. *Id*.
>
> Here, Local 18 requested arbitration one day late, and the arbitrator denied Vencl's grievance solely because of untimely filing. *By way of excuse, Local 18 claims that it filed late only because its business representative had gone on vacation. This is not a reasonable excuse. Ruzicka II excuses only reasoned conduct, not irresponsible inattention. Next, Local 18 claims that it acted in good faith. Ruzicka II, however, specifically held that unions can unfairly represent members even when they act without bad faith.*

(Emphasis added.)(Citation omitted.)  *Vencl* at 426.

{¶ 35} Here, SERB's own finding in support of dismissal establishes that FOP agreed to make the required notification either with irresponsible inattentiveness as to the true deadline or with full knowledge that the date chosen by relator's counsel would render the notice untimely.  We are cognizant that the evidence reveals relator's counsel shares the blame for an apparent miscalculation of the notification deadline.  We also recognize that relator elected to rely on his own private counsel in conducting the grievance process rather than FOP.  However, because timely written notice to Ravenna of relator's intent to arbitrate his grievance is the sole and exclusive responsibility of FOP under the CBA, not relator's, a miscalculation by relator's counsel of the deadline did not excuse FOP's own inattentiveness or indifference in failing to timely complete a basic and required step in the grievance procedure.

{¶ 36} In reaching this conclusion, we find this courts prior decision in *State ex rel. Fuller v. State Emp. Relations. Bd.*, 193 Ohio App.3d 272, 2011-Ohio-1599 (10th Dist.) to be instructive.  In *Fuller*, a public employee was discharged from his position after a work-related altercation led to his arrest on assault charges.  The union filed a grievance contesting the termination in accordance with the terms of the CBA. The public employer and the union entered into an agreement staying the grievance process until the criminal proceedings concluded.  Though the employee was subsequently acquitted of the charges, a substantial delay ensued before the union notified the employer of the employee's intent to arbitrate the grievance.

{¶ 37} The arbitrator dismissed the grievance based on a finding that the union had not timely notified the public employer in writing of its intent to arbitrate after the employee was acquitted. The employee filed an ULP charge against the union, alleging breach of the duty of fair representation. SERB dismissed the charges for lack of probable cause upon concluding that no unfair labor practice had occurred because it was the employee's failure to inform the union of his acquittal that caused the untimely notice to the employer. The Franklin County Court of Common Pleas found that SERB abused its discretion by dismissing the R.C. 4117.11(B)(6) charge due to a lack of probable cause. *Fuller* at ¶ 19. The court held that the evidence did not support a finding that the employee refused to cooperate with the union or did anything to hinder the union's discovery of his acquittal, which was a matter of public record. *Id.*

{¶ 38} On appeal, the issue for this court was whether the common pleas court erred in concluding SERB abused its discretion in finding there was no probable cause to believe the union violated R.C 4117.11(B)(6). In analyzing the case, this court focused on the question whether Fuller either failed to cooperate with the union regarding his acquittal or hindered the union's ability to learn the date of acquittal for purposes of calculating the deadline for written notice of Fuller's intent to arbitrate his grievance.

{¶ 39} In affirming the trial court, this court made the following observation:

> Because there is no evidence that Fuller refused to cooperate with [Service Employees International Union, AFL-CIO, Local 47 ("SEIU")], SERB lacked any basis for finding that Fuller bore the responsibility for SEIU's failure to take a basic and required step. In other words, the evidence presented does not establish that Fuller's delay in informing SEIU of his acquittal justified SEIU's failure to timely provide [Cuyahoga Metropolitan Housing Authority] notice of its intent to arbitrate. Absent a justification for SEIU's failure to take a basic and required step, the presumption that SEIU acted arbitrarily remains in place.

*Id*. at ¶ 34.

{¶ 40} We acknowledge that the facts of the *Fuller* case are more complex than those involved herein. Nevertheless, the theme of the two cases is the same in that SERB found, in both cases, the employee was at fault for the union's failure to timely take a required step in the grievance procedure. In both cases, SERB erroneously concluded that the union's

failure to take a required step in the grievance procedure was not actionable under R.C. 4117.11(B)(6) because the bargaining unit employee caused or contributed to the delay.

{¶ 41} Here, as was the case in *Fuller*, SERB placed the blame on relator and his private counsel for FOP's failure to timely notify Ravenna of relator's intent to arbitrate his grievance even though it was FOP's duty to make the required notification and there was nothing preventing FOP from determining the true deadline for making the required notice. In our view, the fact that relator's counsel miscalculated the deadline for notifying Ravenna did not prevent FOP from determining the true deadline and timely submitting the required notice. Applying the logic advanced in *Fuller* and *Vencl*, there is probable cause to believe FOP acted arbitrarily when it agreed with relator's counsel to provide the required notice beyond the deadline set out in the CBA, whether FOP knew the deadline had been miscalculated by relator's counsel or not. *Vencl* at 426. *See also Murray v. Columbus*, 10th Dist. No. 13AP-912, 2014-Ohio-2790, ¶ 23 (union conduct proscribed by R.C. 4117.11(B)(6) includes deceiving a public employee as to the status of his grievance). Accordingly, we hold that SERB abused its discretion when it dismissed relator's ULP charge under R.C. 4117.11(B)(6).

{¶ 42} Based on the foregoing, FOP's sole objection, SERB's second objection, and Ravenna's fourth objection are overruled.

## IV. Conclusion

{¶ 43} On examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and consideration of relator's objections, we find the magistrate has properly determined the facts and correctly applied the relevant law. Accordingly, we adopt the magistrate's decision, as modified herein, as our own, and overrule FOP's sole objection, SERB's two objections, and Ravenna's four objections. In accordance with the magistrate's recommendation, we dismiss relator's claim for declaratory relief for lack of jurisdiction, deny the motions for summary judgment filed by SERB and FOP, and we grant relator's motion for summary judgment as follows: (1) in SERB case No. 2021-ULP-03-0044, we grant a writ of mandamus directing SERB to vacate its order dismissing the ULP charge against Ravenna, issue an order finding probable cause exists to believe an ULP has been committed, and commence further proceedings as appropriate in accordance with such determination; (2) with regard to SERB case No. 2021-

ULP-03-0045, we grant a limited writ of mandamus ordering SERB to vacate its order dismissing the ULP charge against FOP, directing SERB to consider all facts and circumstances relevant to the alleged violation of R.C. 4117.11(B)(2), and to issue a new order explaining the reasoning for its decision on that charge; and (3) with regard to SERB case No. 2021-ULP-03-0045, we grant a writ of mandamus directing SERB to vacate its order dismissing the ULP charge against FOP under R.C. 4117.11(B)(6), issue an order finding probable cause exists to believe an ULP has been committed, and commence further proceedings as appropriate in accordance with such determination.

*Objections overruled*;
*relator's motion for summary judgment granted*;
*FOP's and SERB's motion for summary judgment denied*;
*writ of mandamus granted.*

MENTEL, P.J, and EDELSTEIN, J., concur.

———————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Christopher R. Staple,          :

     Relator,          :

v.          :          No.  22AP-78

State Employment Relations Board et al.,          :          (REGULAR CALENDAR)

     Respondents.          :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 11, 2023

---

*Law Offices of S. David Worhatch*, and *S. David Worhatch*, for relator.

*FOP/OLCI*, and *Michael W. Piotrowski*, for respondent FOP/OLCI.

*Dave Yost*, Attorney General, and *Lori J. Friedman*, for respondent State Employment Relations Board.

---

IN MANDAMUS
ON MOTIONS

{¶ 44} This matter concerns orders of respondent State Employment Relations Board ("SERB") dismissing unfair labor practice charges brought by relator Christopher R. Staple against respondents City of Ravenna, Ohio ("Ravenna") and Fraternal Order of Police, Ohio Labor Council, Inc. ("the FOP"). Relator asserts a claim for relief in mandamus and a claim for declaratory relief. Relator, SERB, and the FOP have filed motions for summary judgment.

## I. Findings of Fact

{¶ 45} 1. Ravenna is a public employer, as defined in R.C. 4117.01(B).

{¶ 46} 2. The FOP is an employee organization, as defined in R.C. 4117.01(D), serving as the representative of a bargaining unit consisting of public employees of Ravenna as defined under the terms of a collective bargaining agreement ("CBA") between Ravenna and the FOP effective January 1, 2020 through December 31, 2022 ("the CBA").

{¶ 47} 3. As relevant to this action, relator was employed by Ravenna as a patrolman in Ravenna's Police Department and was a member of the FOP. Relator's employment was governed under the terms of the CBA.

{¶ 48} 4. By letter dated October 5, 2020, Ravenna notified relator of a pre-disciplinary conference scheduled for October 8, 2020. By letter dated October 15, 2020, Ravenna notified relator that it would terminate his employment effective the same day. In the letter, Ravenna stated that the decision to terminate relator's employment was based on relator's insubordination, dishonesty during the initial employment background polygraph examination, deception or dishonesty in the internal investigation, and failure to exercise common sense and promote the Ravenna Police Department's values to members of the public.

{¶ 49} 5. Relator challenged his termination through the grievance procedure under the CBA. Ravenna notified relator that his grievance was denied by letter dated November 19, 2020.

{¶ 50} 6. The FOP notified Ravenna of its intent to arbitrate relator's grievance by letter dated December 23, 2020.

{¶ 51} 7. By letter dated January 8, 2021, Ravenna declined to submit relator's grievance to arbitration on the basis that the FOP's notification of its intent to arbitrate was allegedly untimely under the CBA. Ravenna supplemented its January 8, 2021 letter with a letter dated February 1, 2021.

## A. Unfair Labor Practice Charges

{¶ 52} 8. Relator filed two unfair labor practice charges before SERB on March 22, 2021 under SERB Case Nos. 2021-ULP-03-0044 and 2021-ULP-03-0045. A SERB investigator filed memoranda dated May 17, 2021 in both unfair labor practice cases

detailing the investigator's findings. SERB filed an order dismissing both unfair labor practice charges on June 3, 2021. On July 2, 2021, relator filed motions for reconsideration of both dismissals. SERB denied the motions for reconsideration on October 28, 2021.

{¶ 53} 9. In Case No. 2021-ULP-03-0044, relator asserted that Ravenna violated R.C. 4117.11(A)(1) by failing to move his grievance to arbitration.

{¶ 54} 10. SERB found in Case No. 2021-ULP-03-0044 that after relator was terminated by Ravenna, he asserted his right to no longer be represented by the FOP and instead was represented by an attorney of his own choosing. After relator had elected to be represented by his own counsel, Ravenna upheld the termination and a notice of intent to arbitrate was filed with Ravenna. However, Ravenna found the notice of intent to arbitrate was not timely filed under the grievance procedure. Because the notice of intent to arbitrate was filed under the instructions of relator and his chosen representative, SERB found that any alleged failure to process the arbitration request was not on the part of Ravenna. As a result, based on the information and documentation provided, SERB found Ravenna's actions did not rise to the level of a violation of R.C. 4117.11(A)(1) and dismissed the unfair labor practice charge with prejudice for lack of probable cause.

{¶ 55} 11. In Case No. 2021-ULP-03-0045, relator asserted the FOP violated R.C. 4117.11(B)(2) by causing or attempting to cause Ravenna to violate rights under R.C. Chapter 4117. Relator also asserted the FOP violated R.C. 4117.11(B)(6) by failing to represent relator fairly.

{¶ 56} 12. As in Case No. 2021-ULP-03-0044, SERB found in Case No. 2021-ULP-03-0045 that after relator was terminated by Ravenna, he asserted his right to no longer be represented by the FOP and instead was represented by an attorney of his own choosing. Because the FOP complied with its agreement with relator to submit a notice of intent to arbitrate and followed the instructions of relator and his chosen representative in the filing of the notice, SERB found that any alleged failure to process the arbitration request was not on the part of the FOP. As a result, based on the information and documentation provided, SERB found the FOP's actions did not rise to the level of a violation of R.C. 4117.11(B)(6) and dismissed the unfair labor practice charge with prejudice for lack of probable cause.

**B. Proceedings Before the Eleventh District Court of Appeals**

{¶ 57} 13. Relator initially filed his complaint in the instant matter in the Eleventh District Court of Appeals in Case No. 2021-P-0115 on November 29, 2021. In his complaint, relator asserted a claim in mandamus seeking an order (1) vacating one or both of SERB's orders dismissing relator's unfair labor practice charges, (2) directing SERB to enter an order finding probable cause existed on one or both charges, and (3) compelling SERB to issue one or more complaints to determine the merits of one or both of the charges. In the alternative, relator sought issuance of an alternative or peremptory writ. Relator also asserted a claim for declaratory relief. Finally, relator sought court costs, attorney's fees, and other relief as appropriate.

{¶ 58} 14. On November 29, 2021, relator filed a motion to consolidate the original action with an appeal that was then pending before the Eleventh District Court of Appeals in Case No. 2021-P-0070.[1]

{¶ 59} 15. On December 10, 2021, SERB filed a motion to dismiss pursuant to Civ.R. 3(B) or, in the alternative, a memorandum contra relator's motion to consolidate.

{¶ 60} 16. Ravenna filed an answer on December 20, 2021. On the same date, Ravenna filed a motion to transfer due to improper venue, motion for partial judgment on the pleadings, and memorandum in opposition to the motion to consolidate.

{¶ 61} 17. The FOP filed an answer on December 29, 2021. On the same date, the FOP filed a motion to dismiss, or, in the alternative, transfer to proper venue, and memoranda in opposition to the motion to consolidate.

{¶ 62} 18. In several filings on January 3, 2022, relator responded to respondents' motions and replied in support of his motion to consolidate.

{¶ 63} 19. On January 21, 2022, the court of appeals denied relator's motion to consolidate. On January 24, 2022, the court of appeals filed a judgment entry denying

---

[1] In *Staple v. Ravenna*, 11th Dist. No. 2021-P-0070, 2022-Ohio-261, the court affirmed a judgment dismissing relator's civil action seeking declaratory relief and enforcement of the arbitration provision of the CBA under R.C. 2711.03. The court found that because relator's complaint was "based on rights afforded him by [R.C.] Chapter 4117, his complaint falls within the exclusive jurisdiction of SERB." *Id.* at ¶ 17. Furthermore, the court found relator was not an aggrieved party under R.C. 2711.03(A) and did not have standing to bring his complaint.

SERB's motion to dismiss and granting Ravenna's motion to transfer. The court of appeals ordered the matter transferred to this court.

## C. Proceedings Before this Court

{¶ 64} 20. Relator's complaint in mandamus was filed in this court on February 1, 2022. SERB filed an answer on February 25, 2022.

{¶ 65} 21. On May 18, 2022, relator filed a motion for summary judgment, merit brief, and brief in support of his motion for summary judgment. On June 6, 2022, SERB filed a motion for summary judgment combined with a memorandum contra relator's motion for summary judgment. On June 6, 2022, Ravenna filed a combined merit brief and memorandum in opposition to relator's motion for summary judgment. On June 6, 2022, the FOP filed a combined motion for summary judgment and memorandum contra relator's motion for summary judgment. On June 14, 2022, relator filed an omnibus reply brief and brief in opposition to respondents' motions for summary judgment.

{¶ 66} 22. On June 16, 2022, relator filed a motion to strike the FOP's June 6, 2022 filing or, in the alternative, a motion for leave to reply to such filing. On July 26, 2022, the magistrate previously appointed to this matter filed an order denying relator's motion to strike and granting relator leave to file a memorandum contra the FOP's motion for summary judgment. On August 5, 2022, relator filed an omnibus reply and brief in opposition to the FOP's motion for summary judgment.

{¶ 67} 23. On June 30, 2023, relator filed a notice of supplemental authority.

## II. Discussion and Conclusions of Law

{¶ 68} In this matter, relator asserts a claim for relief in mandamus arguing that SERB wrongly dismissed his two unfair labor practice charges. Relator also raises a claim for declaratory relief.

## A. Summary Judgment and Mandamus Standard

{¶ 69} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to, but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181,

183 (1997). For a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the requested relief, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). The relator bears the burden of establishing entitlement to a writ of mandamus by clear and convincing evidence. *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, ¶ 14. "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

## B. Unfair Labor Practices under the Ohio Public Employees Collective Bargaining Act

{¶ 70} Prior to the enactment of the Ohio Public Employees Collective Bargaining Act ("the Act"), which is codified in R.C. Chapter 4117, "Ohio had no legal framework governing public-sector labor relations and dealt with these issues on an ad hoc basis." *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.*, 22 Ohio St.3d 1, 5 (1986). Without such legal framework, public employees had no constitutional or statutory right to collectively bargain or strike. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 169 (1991). The Act's enactment in 1984 "established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Id*. The purpose of the Act was to "minimize public-sector labor conflict and to provide a mechanism for resolving disputes when they arise." *Dayton Fraternal Order of Police* at 6. In furtherance of the Act's purpose, SERB was created as an agency of the state of Ohio with the charge of administering the Ohio Public Employees Collective Bargaining Act. *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.*, 74 Ohio St.3d 665, 666 (1996); R.C. 4117.02. The Act recognizes that public employers and employees, including employee

organizations, have a right to be free from unfair labor practices, as such practices are defined in R.C. 4117.11. *Franklin Cty. Law Enforcement Assn.* at 169.SERB possesses "exclusive jurisdiction to determine the validity, or lack thereof, of unfair labor practices." *City of E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127 (1994). *See* R.C. 4117.12(A); *Franklin Cty. Law Enforcement Assn.* at 170 ("SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117."); *State ex rel. City of Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, ¶ 20. R.C. 4117.12(B) governs the process employed by SERB to determine the validity of unfair labor practice charges, providing as follows: "When anyone files a charge with [SERB] alleging that an unfair labor practice has been committed, [SERB] or its designated agent shall investigate the charge. If [SERB] has probable cause for believing that a violation has occurred, [SERB] shall issue a complaint and shall conduct a hearing concerning the charge."

{¶ 71} Because probable cause is not defined in R.C. Chapter 4117, the Supreme Court of Ohio has found that it must be accorded its ordinary meaning. *State ex rel. Portage Lakes Edn. Assn. v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, ¶ 37. "In making its determination, SERB will consider not only the evidence that supports the allegations of the charge but also, of course, any information that may rebut the charge or offer a defense to the violation alleged. Issues such as managerial justification, the absence of protected activity by a charging party, or the failure to show any indication of unlawful motivation may be sufficient to secure dismissal of a case even when the facts alleged in the charge have been verified." (Citation and quotation omitted.) *Id.* at ¶ 40. In this way, the court likened SERB's probable cause determination to that of a prosecutor investigating a citizen's complaint of criminal activity. *Id.* at ¶ 39-40. The charging party bears the initial burden of demonstrating that an unfair labor practice has occurred. *State ex rel. Fuller v. State Emp. Relations Bd.*, 193 Ohio App.3d 272, 2011-Ohio-1599, ¶ 28 (10th Dist.). Thus, "SERB must issue a complaint and conduct a hearing on an unfair labor practice charge if, following an investigation, it has a reasonable ground to believe that an unfair labor practice has occurred." *Portage Lakes* at ¶ 38. *See State ex rel. Teamsters Local Union No. 284 v. State Emp. Relations Bd.*, 10th Dist. No. 20AP-307, 2021-Ohio-3318, ¶ 14.

{¶ 72} Mandamus is the appropriate action to challenge SERB's dismissal of an unfair labor practice charge for lack of probable cause. *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173 (1998), paragraph one of the syllabus. *See Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME/AFL-CIO v. Dayton City School Dist. Bd. of Edn.*, 59 Ohio St.3d 159, 161 (1991) (stating that "a decision by SERB whether or not to issue a complaint in an unfair labor practice case is not reviewable pursuant to R.C. Chapter 119 or R.C. 4117.02(M) and 4117.13(D)"). The Supreme Court of Ohio has held that "SERB is under a clear legal duty to issue a complaint concerning an unfair labor practice charge when SERB's investigation of that charge reveals the existence of probable cause to believe that an unfair labor practice has been committed." *Serv. Emp.*, 81 Ohio St.3d at 179. *See State ex rel. Hall v. State Emp. Relations Bd.*, 122 Ohio St.3d 528, 2009-Ohio-3603, ¶ 19 (stating that "[t]his determination is generally factual, and courts cannot substitute their judgment for that of SERB if there is conflicting evidence").

{¶ 73} A court reviews SERB's determination to dismiss an unfair labor practice charge for an abuse of discretion. *State ex rel. Leigh v. State Emp. Relations Bd.*, 76 Ohio St.3d 143, 145 (1996); *State ex rel. Professionals Guild v. State Emp. Relations Bd.*, 10th Dist. No. 08AP-417, 2009-Ohio-2155, ¶ 12 (stating that in considering the evidence "the question before us is not whether we disagree with SERB's determination that probable cause did not exist, but whether SERB abused its discretion in so concluding"). "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, ¶ 13. *See Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 39.

## C. Unfair Labor Practice Charge Against Ravenna

{¶ 74} In Case No. 2021-ULP-03-0044, relator filed an unfair labor practice charge against Ravenna based on R.C. 4117.11(A)(1). Under R.C. 4117.11(A), it is an unfair labor practice for a public employer, including its agents or representatives, to "[i]nterfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [R.C. Chapter 4117] or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances." R.C. 4117.11(A)(1). Relator argues

SERB wrongly dismissed his unfair labor practice charge against Ravenna because the CBA does not permit Ravenna to unilaterally decline to process the FOP's decision to submit a grievance to arbitration.

{¶ 75} As reflected in the exhibits submitted by both relator and Ravenna before SERB, the CBA contains a procedure applying to the administration of all grievances filed under the procedure. Under the grievance procedure, grievances were required to proceed in steps. As a preliminary step, a bargaining unit employee "having a grievance will first attempt to resolve it informally with his immediate supervisor at the time the incident giving rise to the grievance occurs." (Case No. 2021-ULP-03-0044, R. 115, 152.) Thereafter, the grievance procedure continues to the employee's immediate supervisor under Step 1, the chief of police under Step 2, and finally the "Mayor/Designee" under Step 3. (Case No. 2021-ULP-03-0044, R. 116, 153.) Step 3 of the grievance procedure provided as follows:

> Should the grievant not be satisfied with the written answer received in Step 2, within ten (10) days after his or her receipt thereof, he may submit the grievance, together with the written responses received in the prior Steps, to the Mayor/Designee. Upon receipt of the grievance, the Mayor/Designee shall schedule a meeting to be held within ten (10) days to discuss the grievance. * * * The Mayor shall render his decision in writing and deliver to the grievant and the [FOP] his written decision within ten (10) days after the meeting with the grievant.

(Case No. 2021-ULP-03-0044, R. 116, 153.) Section 15.3(F) of the CBA provided:

> It is the [FOP's] and [Ravenna's] intention that all time limits in the above grievance procedures shall be met. * * * In the event that [Ravenna] fails to timely file a response to a step in the grievance, it is mutually agreed that the grievance is deemed denied and shall automatically proceed to the next step. If the grievant fails to file the grievance at the next stop within the time limits, it shall be deemed withdrawn with prejudice.

(Case No. 2021-ULP-03-0044, R. 115, 152.)

{¶ 76} Article 16 of the CBA governed the arbitration procedure between the parties. Section 16.1 of this article provided in pertinent part as follows:

> In the event a grievance is unresolved after being processed through all of the steps of the Grievance Procedure, unless mutually waived or having passed through various steps by a

> timely default of [Ravenna], then within thirty (30) calendar days after the rendering of the decision at Step 3 or a timely default by [Ravenna] at Step 3, the [FOP] may submit the grievance(s) to arbitration. Within this thirty (30) calendar day period, the parties will meet to attempt to mutually agree upon an arbitrator selected from the permanent panel established herein. Alternatively, the parties may mutually agree to an arbitrator not included in this panel.

(Case No. 2021-ULP-03-0044, R. 116, 153.) Section 16.2 provided in pertinent part: "Limits of Authority[.] The arbitrator shall have no power or authority to add to or subtract from, or in any manner alter the specific terms of this Agreement." (Case No. 2021-ULP-03-0044, R. 117, 154.) Section 16.4 provided: "AAA Rules[.] The hearing or hearings shall be conducted pursuant to the Rules and Regulations of the American Arbitration Association." (Case No. 2021-ULP-03-0044, R. 117, 154.)

{¶ 77} Following the FOP's letter providing notice of intent to arbitrate, Ravenna replied in a letter to the FOP dated January 8, 2021, stating:

> [Ravenna] declines to submit the Staple grievance for arbitration as the [FOP's] notification of its intent to arbitrate was untimely under Article 16, Section 16.1 of the [CBA].
>
> Pursuant to Article 15, Section 15.4(D), a Step 3 meeting was held between the parties on November 12, 2020.
>
> * * *
>
> On November 20, 2020, [Ravenna] attempted to arrange a meeting to serve [relator] with [Ravenna's] Step 3 response in-person. Instead of meeting, [relator] requested that the Step 3 response be emailed to him. That same afternoon, [Ravenna] emailed its Step 3 response to [relator], utilizing the same email given to them by [relator] for previous communications.
>
> Pursuant to Article 16, Section 16.1, [relator] and the FOP had thirty (30) calendar days to submit the grievance to arbitration. It failed to do so.
>
> * * *
>
> [Ravenna] received no communication, documentation, or requests from the [FOP] until December 23, 2020. * * * December 23rd was thirty-four (34) calendar days following the delivery of [Ravenna's] Step 3 decision on November 20, 2020, more than the maximum thirty (30) calendar days provided in Section 16.1.

> In addition to the notice of intent to arbitrate being untimely, no [FOP] representative reached out to "attempt to mutually agree upon an arbitration selected from the permanent panel established herein" as required under the contract.
>
> As a result of not receiving the [FOP's] Notice of Intent to Arbitrate within the thirty (30) calendar days specified in Section 16.1 of the CBA, the grievance is deemed withdrawn with prejudice.

(Emphasis removed.) (Case No. 2021-ULP-03-0044, R. 208-09.) In Ravenna's letter to the FOP dated February 1, 2021, Ravenna stated in part:

> Article 16, Section 16.1, exclusively controls the process by which a grievance can be submitted for arbitration. Article 16 is titled Arbitration Procedure. It is separate and distinct from the Grievance Procedure articulated in Article 15.
>
> Article 16, Section 16.1 bases time limitations solely on calendar days; not days as defined in a different and non-applicable Article of the CBA. Because of this, [relator] and the FOP had thirty (30) calendar days to submit the grievance to arbitration.
>
> [Ravenna] received the [FOP's] Intent to Arbitrate on December 23, 2020, thirty-four (34) calendar days after the delivery of [Ravenna's] Step 3 decision. As a result, the grievance is not arbitrable due to a failure to provide timely notice for arbitration.

(Emphasis removed.) (Case No. 2021-ULP-03-0044, R. 211.)

{¶ 78} Relator through counsel raised the issue of arbitrability in his April 29, 2021 response to the request for information from SERB, stating: "All of this uncertainty presents substantial questions of fact and law bearing on [the] issue of 'arbitrability,' *i.e.*, whether an arbitrator would have jurisdiction over a timely filed notice of arbitration." (Case No. 2021-ULP-03-0044, R. 74.) Relator further stated that "[t]he question ultimately to be determined is whether the [FOP] gave timely notice of arbitration for [relator's] grievance so that an arbitrator would have jurisdiction over that grievance." (Case No. 2021-ULP-03-0044, R. 74.)

{¶ 79} In its dismissal of relator's unfair labor practice charge in Case No. 2021-ULP-03-0044, SERB stated:

> After [relator] was terminated from employment with [Ravenna], he asserted his right to no longer be represented by

> [the FOP] and instead be represented by his personal attorney. At this point [the FOP] was no longer representing [relator]. After the Step 3 Hearing, the Mayor upheld the termination. A notice to arbitrate was filed with [Ravenna]. However, [Ravenna] asserts that the notice to arbitrate that was filed did not follow the timelines established in the parties' grievance procedure. As the notice to arbitrate was filed per the instructions of [relator] and his representative, any alleged failure to process the request was not on the part of [Ravenna]. Based on the information and documentation provided, the Employer's actions do not rise to the level of an (A)(1) violation.

(Case No. 2021-ULP-03-0044, R. 230).

{¶ 80} Noticeably absent from SERB's order dismissing relator's unfair labor practice charge is any analysis of whether questions of procedural arbitrability under a CBA must be submitted to an arbitrator or whether an employer's refusal to proceed to arbitration under a CBA providing for arbitration of grievances provides a reasonable ground to believe that an unfair labor practice has occurred. Previously, in considering an unfair labor practice charge under R.C. 4117.11(A)(1), SERB has rejected an employer's defense that it was not required to process certain grievances to arbitration because they were not arbitrable. *In re Franklin Cty Sheriff*, SERB No. 91-001, 1991 OH SERB LEXIS 1 (Jan. 8, 1991) ("*Franklin County Sheriff*"), *aff'd sub nom. Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police*, 78 Ohio App.3d 158 (10th Dist.1992).

{¶ 81} In *Franklin County Sheriff*, there was no dispute that the employer refused to process to arbitration seven grievances pertaining to hiring and promotions. The employer argued that it was justified in refusing to process to arbitration because the grievances were not arbitrable. SERB disagreed, finding that the employer's "refusal to process to arbitration the seven grievances which are the basis of the dispute clearly established a pattern of repeated failure to process grievances, thus committing a violation of [R.C.] 4117.11(A)(1) and (A)(6)." *Franklin County Sheriff*, 1991 OH SERB LEXIS at *5. SERB noted that "[a] party may always raise the issue of arbitrability before the arbitrator as well as the challenge to the arbitrator's jurisdiction to rule on substantive arbitrability." *Id.* at *6, fn. 2. SERB concluded that "it would be bad public policy to permit parties to frustrate established and accepted dispute resolution procedures by simply raising the defense of arbitrability" and, therefore, "[i]n the interest of processing grievances in quick

and orderly fashion and in promoting harmonious relations, this cannot be allowed." *Id.* at *6. *See In re Tuscarawas Township Board of Trustees, Stark County*, SERB No. 2009-001, 2009 OH SERB LEXIS 13, *18 (Aug. 31, 2009) ("A public employer must process grievances and requests for arbitration.").

{¶ 82} The Supreme Court of the United States has also considered a party's objection to arbitration on the basis of procedural arbitrability. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 555 (1964). In *Wiley*, the court was presented with a dispute regarding an arbitration provision in a collective bargaining agreement between an employer and a union. The employer argued that it had no duty to arbitrate because steps in the grievance procedure prior to the step involving the duty to arbitrate had not been followed. The court recognized the difficulty separating the procedural and substantive elements of labor disputes, noting that "[q]uestions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it." *Wiley* at 556-57. The court further stated that "[d]oubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration." *Id.* at 557. Therefore, the court found that "[o]nce it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *Id.*

{¶ 83} Courts in Ohio, including this court, have applied the holding in *Wiley* to also find that questions of procedural arbitrability should be considered and resolved by the arbitrator. *Michigan Timber & Truss, Inc. v. Summit Bldg. Servs., LLC*, 10th Dist. No. 20AP-557, 2021-Ohio-3158, ¶ 20; *Reynoldsburg City School Dist. Bd. of Edn. v. Reynoldsburg School Support Assn.*, 10th Dist. No. 90AP-1233, 1991 Ohio App. LEXIS 2644 (June 4, 1991) (considering the question of "whether the procedural requirements to initiate proceedings under the arbitration agreement have been complied with to require the arbitration proceedings to continue," the court held that "[i]t is the duty of the arbitrator to determine that these procedural requirements have been satisfied");

*Baker-Henning Prods. v. Jaffe*, 10th Dist. No. 00AP-36, 2000 Ohio App. LEXIS 5147 (Nov. 7, 2000) (stating that "procedural prerequisites should be left to the arbitrator"); *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 669 (1998) (stating that "matters regarding procedural questions growing out of the parties' dispute and bearing on its final disposition are best left to the determination of the arbitrator" and finding question regarding whether "arbitration demand was untimely * * * is for the arbitrator to decide; it is not for the courts"); *Bd. of Library Trustees v. Ozanne Constr. Co.*, 100 Ohio App.3d 26, 30-31 (8th Dist.1995); *Local 1562, Am. Fedn. of State, etc. v. Chillicothe*, 4th Dist. No. 1765, 1992 Ohio App. LEXIS 1210 (Mar. 11, 1992); *Blanchard Valley Health Sys. v. Canterbury Holdings, Inc.*, 3d Dist. No. 5-12-08, 2012-Ohio-5134, ¶ 25 ("Procedural arbitrability falls within the purview of the arbitrator.").

**{¶ 84}** In this case, as in *Franklin County Sheriff*, there is no dispute that Ravenna declined to proceed to arbitration following the FOP's notice of intent to arbitrate. Moreover, no party disputes that the arbitration provision in the CBA applies to the type of grievance at issue. The parties engaged in the prior steps of the grievance procedure under Article 15 of the CBA leading to the arbitration provisions under Article 16. In its letter declining to submit the grievance to arbitration, Ravenna supported its decision with the assertion that the FOP was untimely in providing its notice of intent to arbitrate. The timeliness of the FOP's notice may serve as a defense to the arbitrability of the grievance before the arbitrator. However, under Ohio caselaw and SERB precedent, this rationale cannot support a decision to not proceed to arbitration as provided under the CBA. Furthermore, although SERB specifically mentioned relator's decision to be represented by counsel of his own choosing, this fact is ultimately immaterial in resolving the question of whether or not probable cause supported the charge that Ravenna committed an unfair labor practice under R.C. 4117.11(A)(1). After all, as noted by Ravenna in its brief in this matter, only the FOP was provided the option to submit the grievance to arbitration under Article 16 of the CBA.

**{¶ 85}** Ravenna contends that it did not interfere with relator's rights "by declining his invitation to arbitrate against [relator] *individually*, with his private counsel substituted improperly for his exclusive representative." (Emphasis sic.) (Ravenna's Brief at 46.) Absent from Ravenna's argument is any evidence that it raised this point in its January 8,

2021 letter declining to submit the grievance to arbitration. Rather, as previously stated, Ravenna's justification for declining to proceed to arbitration was based on the timeliness of the notice of intent to arbitrate, which was submitted by the FOP, not relator or his counsel. Regardless of Ravenna's argument concerning relator's individual rights or participation in the arbitration process, Ravenna was still required under controlling caselaw to proceed to arbitration following the FOP's notice of intent to arbitrate in order to have the arbitrator address such questions of procedural arbitrability.

{¶ 86} Based on the foregoing and consistent with prior cases finding an unfair labor practice under R.C. 4117.01(A)(1) where an employer has refused to proceed to arbitration on the basis of a dispute about procedural arbitrability, the magistrate concludes that SERB abused its discretion in finding there was not probable cause to support the unfair labor practice charge against Ravenna under R.C. 4117.11(A)(1). As a result, relator has established a clear legal right to the issuance of a complaint, SERB is under a clear legal duty to issue the complaint, and mandamus is the appropriate remedy as there exists no adequate remedy in the ordinary course of the law. Therefore, a writ of mandamus should issue directing SERB to vacate its order dismissing the unfair labor practice charge against Ravenna in Case No. 2021-ULP-03-0044, issue an order finding probable cause exists to believe an unfair labor practice has been committed, and commence further proceedings as appropriate in accordance with such determination.

## D. Unfair Labor Practice Charge Against the FOP

{¶ 87} In Case No. 2021-ULP-03-0044, relator filed an unfair labor practice charge against the FOP based on R.C. 4117.11(B)(2) and (6). In pertinent part, R.C. 4117.11(B) provides: "It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to: * * * (2) Cause or attempt to cause an employer to violate division (A) of this section; * * * (6) Fail to fairly represent all public employees in a bargaining unit."

{¶ 88} With regard to an allegation under R.C. 4117.11(B)(2) that a union has caused or attempted to cause an employer to violate R.C. 4117.11(A), SERB has stated: "The first requirement to show [R.C.] 4117.11(B)(2) has been violated is the 'cause or attempt to cause' requirement; the second requirement to show [R.C.] 4117.11(B)(2) has been violated is that

the attempt, if successful, will cause the employer to engage in an unfair labor practice." *In re Salem Fire Fighters, Local 283, IAFF*, SERB No. 2009-002, 2009 OH SERB LEXIS 14, at *5 (Oct. 1, 2009), citing *In re Toledo Fed. of Teachers*, SERB No. 97-001, 1997 OH SERB LEXIS 4 (Jan. 10, 1997). "Causing or attempting to cause an Employer to engage in conduct that is not an unfair labor practice does not violate [R.C.] 4117.11(B)(2)." *Id.*

{¶ 89} With regard an alleged violation of a union's duty of fair representation under R.C. 4117.11(B)(6), SERB evaluates "if the union's actions are arbitrary, discriminatory, or in bad faith" and, if it "finds any of these components," SERB will find "the duty has been breached." *In re Ohio Council 8, AFSCME, AFL-CIO* ("*Ohio Council 8*"), SERB No. 2004-005, 2004 OH SERB LEXIS 29, at *13 (Aug. 9, 2004). In determining whether a union's conduct is arbitrary, SERB has adopted the analysis of the United States Sixth Circuit Court of Appeals in *Vencl v. Internatl. Union of Operating Engineers, Local 18*, 137 F.3d 420 (6th Cir.1998). *See In re Ohio Civil Service Emps. Assn., AFSCME Local 11, Chapter 2525* ("*OCSEA*"), SERB No. 98-010, 1998 OH SERB LEXIS 15, at *8 (July 22, 1998); *In re Clark-Shawnee Local Edn. Assn.*, SERB No. 2011-007, 2011 OH SERB LEXIS 28, at *11 (Nov. 17, 2011); *Ohio Council 8*, 2004 OH SERB LEXIS 29, at *13-14. SERB has outlined its process for resolving a charge under R.C. 4117.11(B)(6) as follows:

> There are certain basic and required steps a union must take when fulfilling its duty of fair representation; the specific steps will vary depending upon the nature of the representation being provided; a non-exhaustive list of these representation functions includes filing a grievance, processing a grievance, deciding whether to take a grievance to arbitration, participating in labor-management committee meetings, negotiating with an employer regarding wages, hours, terms and conditions of employment, and conducting a contract ratification meeting. Failure to take a basic and required step while performing any of these representation functions creates a rebuttable presumption of arbitrariness. When looking at this issue, we must look at all of the circumstances involved, including, but not limited to, what steps were basic and required, how severe the mistake or misjudgment was, what the consequences of the union's acts were, and what the union's reasons for its acts were.

> The initial burden is on the Charging Party and the Complainant to show that the union acted arbitrarily, and therefore did not fairly represent the Charging Party, by

> showing that the union failed to take a basic and required step. Once that burden has been met, the union must come forth with its justification or viable excuse for its actions or inactions.

*OCSEA* at 8-9. In *OCSEA,* SERB considered whether the union acted arbitrarily based on the allegation that it failed to mail the grievance appeal. The parties stipulated that the employer had no record indicating it had ever received the grievance appeal. However, the record was unclear as to whether the union ever mailed the appeal. Therefore, SERB was unable to find the union acted arbitrarily and, as a result, found the complainant failed to meet its burden in providing evidence necessary to show an unfair labor practice had occurred.

**{¶ 90}** Here, relator first argues that SERB abused its discretion by dismissing his unfair labor practice charge without discussing his allegation that the FOP violated R.C. 4117.11(B)(2). Neither the FOP nor SERB responds to this argument in their respective motions for summary judgment and memoranda contra relator's motion for summary judgment.

**{¶ 91}** In the memorandum submitted by the SERB investigator regarding relator's unfair labor practice charge against the FOP, the investigator notes relator's allegation was based on R.C. 4117.11(B)(2) and (6). The investigator discusses findings related to R.C. 4117.11(B)(6), concluding that "[b]ased on the information and documentation provided the Union's actions do not rise to the level of an [sic] (B)(6) violation." (2021-ULP-03-0045, R. 145.) However, beyond mentioning the allegation itself, the investigator does not discuss the applicability of any findings to the allegation of a R.C. 4117.11(B)(2) violation or make a recommendation specific to that section. Instead, the investigator states that relator "did not provide sufficient information or documentation to support the (B)(1) allegation." (2021-ULP-03-0045, R. 146.)

**{¶ 92}** Similarly, SERB's dismissal order refers to relator's unfair labor practice charge on the basis of R.C. 4117.11(B)(2) and (6). However, SERB only refers to the allegation of a R.C. 4117.11(B)(6) violation in reaching its conclusion to dismiss the charge. Specifically, SERB stated: "Based on the information and documentation provided the Union's actions do not rise to the level of an [sic] (B)(6) violation. Accordingly, the charge is dismissed with prejudice for lack of probable cause to believe the statute has been

violated." (2021-ULP-03-0045, R. 147.) Relator raised the absence of a specific finding regarding R.C. 4117.11(B)(2) in his July 2, 2021 motion for reconsideration. SERB did not address the absence of such a finding in its decision denying reconsideration.

{¶ 93} As previously noted, an action in mandamus is the appropriate remedy to obtain judicial review of a SERB order dismissing an unfair labor practice charge for lack of probable cause. However, meaningful judicial review of a SERB order dismissing an unfair labor practice charge for lack of probable cause is not possible without any indication that SERB considered an alleged violation in reaching its conclusion. *See generally Grady*, 78 Ohio St.3d at 185 (noting that R.C. 4117.12(B) does not require SERB to issue findings of fact to support its dismissal of an unfair labor practice charge, but stating that a limited writ of mandamus will issue to compel SERB to consider all facts and circumstances relevant to the question of timeliness under R.C. 4117.12(B) and to issue an explanation where a genuine controversy exists); *State ex rel. Ohio Assn. of Public School Emps./ AFSCME v. State Emp. Relations Bd.*, 64 Ohio St.3d 149, 153 (1992) (issuing a limited writ directing SERB "to consider all the facts and circumstances of this case relevant to the question of timeliness, and to issue some explanation setting forth its reasoning"). Based on the foregoing and considering the conclusion regarding relator's unfair labor practice charge against Ravenna, it is appropriate under these circumstances to grant a limited writ of mandamus vacating SERB's order in Case No. 2021-ULP-03-0045 that dismissed the unfair labor practice charge against the FOP and directing SERB to consider all facts and circumstances relevant to relator's allegation of a violation of R.C. 4117.11(B)(2) and to issue an explanation setting forth its reasoning in resolving relator's unfair labor practice charge.

{¶ 94} Having found this court should vacate SERB's order dismissing the unfair labor practice charge against the FOP in Case No. 2021-ULP-03-0045 and considering the analysis in determining this court should vacate SERB's order dismissing the unfair labor practice charge against Ravenna in Case No. 2021-ULP-03-0044, it is unnecessary at this time to consider relator's remaining arguments concerning the R.C. 4117.11(B)(6) violation.

**E. Relator's Claim for Declaratory Relief**

{¶ 95} Finally, relator asserts in his complaint a claim for declaratory relief, stating that "[t]his court has the authority under Section 3(B)(1)(f) of Article IV of the Ohio Constitution and [R.C.] 2721.02(A) and 2721.06 to enter a final judgment or decree that

declares the rights, status, and other legal relations of the parties." (Compl. at 10.) The Supreme Court of Ohio has held that the courts of appeals do not possess constitutional authority to render declaratory judgments:

> Although R.C. 2721.02 gives all "courts of record" the power to render declaratory judgments, the 1968 Modern Courts Amendment gives Court of Appeals original jurisdiction only in quo warranto, mandamus, habeas corpus, prohibition, procedendo, and in any cause on review as may be necessary to its complete determination. Section 3(B)(1)(a)-(f), Article IV of the Ohio Constitution. Permitting a Court of Appeals to give what is basically a declaratory judgment is to expand its constitutionally declared jurisdiction.

*State ex rel. Neer v. Indus. Comm.*, 53 Ohio St.2d 22, 23-24 (1978). *See State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, ¶ 22 (stating that "neither this court nor the court of appeals has original jurisdiction over claims for declaratory judgment"). As this court lacks the requisite jurisdiction, relator's claim for declaratory relief must be dismissed. *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181 (1998); *Pointer v. Smith*, 10th Dist. No. 20AP-555, 2021-Ohio-2247, ¶ 8 ("Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and may dismiss the case if it finds that it lacks subject-matter jurisdiction over it.").

## F. Conclusion

{¶ 96} Accordingly, it is the decision and recommendation of the magistrate that relator's claim for declaratory relief should be dismissed for lack of jurisdiction. The magistrate also recommends that the motions for summary judgment filed by SERB and the FOP should be denied and relator's motion for summary judgment should be granted as follows: (1) with regard to SERB Case No. 2021-ULP-03-0044, the magistrate recommends granting a writ of mandamus directing SERB to vacate its order dismissing the unfair labor practice charge against Ravenna in Case No. 2021-ULP-03-0044, issue an order finding probable cause exists to believe an unfair labor practice has been committed, and commence further proceedings as appropriate in accordance with such determination; and (2) with regard to SERB Case No. 2021-ULP-03-0045, the magistrate recommends granting a limited writ of mandamus vacating SERB's order dismissing the unfair labor

practice charge against the FOP and directing SERB to consider all facts and circumstances relevant to relator's allegation of a violation of R.C. 4117.11(B)(2) and to issue an explanation setting forth its reasoning in resolving relator's unfair labor practice charge.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.